**DAUPHIN CORPORATION, Plaintiff,**

**v.**

**James J. DAVIS, George C. Wilkinson, Halcyon Corporation, Redwall Corporation, Paul Steiner, and Hunt Investment Company, Defendants.**

Civ. A. No. 2346.

United States District Court
D. Delaware.

Jan. 23, 1962.

John P. Sinclair, of Berl, Potter & Anderson, Wilmington, Del., for plaintiff, Windels, Currie & Rice, New York City, of counsel.

John M. Bader, John Biggs, III, of Bader & Biggs, Wilmington, Del., for certain defendants.

S. Samuel Arsht, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., and Vincent F. Kilborn and Willis C. Darby, Jr., Mobile, Ala., for defendant George C. Wilkinson.

STEEL, District Judge.

The complaint purports to allege a cause of action under Sections 12(2) and

17(a) of the Securities Act of 1933, 15 U.S.C.A. §§ 77l(2) and 77q(a), and Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j(b) and Rule X–10B–5 thereunder. Jurisdiction is asserted under Section 22(a) of the Act of 1933, 15 U.S.C.A. § 77v(a), and Section 27 of the Act of 1934, 15 U.S.C.A. § 78aa. All defendants have moved to dismiss the complaint. In the aggregate they allege that the complaint fails to state a cause of action, that the venue is improper as to the non-resident defendants, that service upon the non-residents outside of this district was invalid, and that because of the venue and service infirmities indispensable parties were lacking. During argument counsel for defendant stated that the affidavits were not to be considered in determining whether a good cause of action had been substantively stated, but only in connection with the other grounds of the motion.

The complaint recites numerous complex transactions in which the defendants have engaged, beginning in January 1960 and ending in June 1960, by which plaintiff claims it was defrauded of over $1,000,000. Despite the somewhat confusing nature of the complaint, two acts are discernible as culminations of the series of transactions alleged:

1. In April 1960 the defendant Davis caused the defendant Halcyon Corporation, which Davis controlled, to sell to Dauphin Corporation, the plaintiff, all of the stock of National Properties, Inc., for which plaintiff paid Halcyon in stock of Great American Industries, Inc. (GAI) having a market value of $270,-000. At the time, National held a note of Halcyon for $750,000. Within ten days thereafter Davis, without authority from or notice to the plaintiff, caused National to sell the $750,000 Halcyon note to Hunt Investment Company for $750. At the time, Davis was an officer, director and substantial stockholder of Hunt. This latter transaction took place at a time when Halcyon owned securities totalling $720,000 which it could have applied to partial payment of the note.

2. In June 1960 National, which was then a subsidiary of the plaintiff, purchased the outstanding stock of Hatboro Industrial Park, Inc., by paying to the defendant Redwall $50 for the Hatboro common stock, and by delivering 21,600 vtc's of GAI, having a market value of $54,000, in payment of 21,600 shares of the Hatboro preferred stock. Of the preferred stock sold to plaintiff, defendant Redwall owned 3,600 shares and defendant Steiner owned 3,000 shares. The complaint does not disclose who owned the remaining shares. At the time of the purchase the value of the Hatboro preferred and common stock was "illusory".

Other pertinent allegations of the complaint are that Davis, in connection with both transactions, made misrepresentations of material facts, and omitted to state material facts necessary to make his statements to the plaintiff not misleading in the light of the circumstances under which they were made; that the series of acts which the complaint details constituted devices, schemes or artifices to defraud the plaintiff in the offer of securities to it; that the defendants, by such acts, engaged in transactions, practices and courses of business which operated as a fraud and deceit upon plaintiff; and that in connection with the foregoing the defendants made use of interstate facilities.

The complaint further alleges that Davis, in his capacity as an officer, director and counsel for plaintiff, acted jointly and secretly with the other defendants to bring about the transactions; and that in connection with the National Properties transaction the other defendants were to be the actual beneficiaries with Davis and actively concerted and participated with him in it.

These allegations bring all of the defendants into the case. Their relationship to the alleged wrongs is clear. Redwall was a seller of valueless common and preferred stock of Hatboro to National, the plaintiff's subsidiary. Davis and Wilkinson were officers and directors and controlling stockholders of Redwall.

Steiner also sold to plaintiff valueless Hatboro preferred stock. Halcyon, a corporation controlled by Davis, was the seller of the stock of National to the plaintiff. The responsibility of Hunt, another Davis corporation, which paid National, plaintiff's subsidiary, only $750 for the $750,000 Halcyon note is self-evident. All of the defendants were therefore in one way or another implicated in the wrongs alleged, particularly as they are all alleged to have acted jointly and secretly with Davis in bringing about the transactions, and to have benefited with him.

If the allegations are accepted, as they must be at this juncture of the case, a clear violation of Rule X–10B–5 by all defendants has been stated. The argument made by defendants that a defrauded buyer may not recover under the Act of 1934 because of specific remedies available to him under the Act of 1933, has been rejected in the companion case of Dauphin Corporation v. Redwall Corporation et al., Civil Action No. 2345, 201 F.Supp. 470.

 Since plaintiff has stated a claim under Section 10(b) of the 1934 Act, the special process and venue provisions of that Act are applicable. Thiele v. Shields, 131 F.Supp. 416, 420 (S.D.N.Y. 1955). Section 27 of the Act of 1934 provides that a suit to enforce liability or duty created by the Act or rules promulgated under it may be brought in the district where (1) any act or transaction constituting the violation occurred, (2) the defendant is found, (3) is an inhabitant, or (4) transacts business.

Since Redwall and Halcyon are Delaware corporations, venue as to them is clear. Davis and Steiner, however, are residents of Pennsylvania and Wilkinson is a resident of Alabama. Neither of these persons were found in or inhabit this district. So that if venue is to be sustained as to them it must be found that either they transact business here, or that some act or transaction constituting the violation occurred in Delaware.

The Garrett affidavit, in Paragraph 7, points out that it was in Wilmington that Davis made the misrepresentations listed in the complaint which induced plaintiff's board of directors to purchase the common and preferred stock of Hatboro. This, without more, in view of the related and sequential nature of the transactions, is sufficient to make the venue of this district proper as to all defendants. Hooper v. Mountain States Securities Corporation, 282 F.2d 195, 205 (5th Cir. 1960); cert. den. 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1961). Accordingly, it is not necessary to determine whether Davis, Steiner, or Wilkinson transact business in Delaware.

Service outside of the district was authorized by Section 27 of the Act of 1934.

Because of the disposition which has been made of the venue and service objections, the indispensable parties argument is necessarily without merit.

The motion of defendants to dismiss the complaint will be denied.