**Norton GARFINKLE, Individually, et al., Plaintiffs,**

v.

**ARCATA NATIONAL CORPORATION, Defendant.**

**No. 72 Civ. 5344.**

United States District Court, S. D. New York.

June 18, 1973.

Carter, Ledyard & Milburn, New York City, for defendant.

ROBERT L. CARTER, District Judge.

## OPINION

Plaintiffs and defendant were parties to an agreement involving the sale to defendant of Brand Rating Index Computer, Inc. (Brand Rating), a New York corporation. Payment was in the form of unregistered shares of defendant Arcata National Corporation (Arcata). The agreement provided (a) that upon plaintiffs' written demand the defendant would cause the Arcata securities to be registered; and (b) that in the event that the earnings of Brand Rating rose above a fixed amount during the period immediately following the sale, the plaintiffs would become entitled to a fixed number of additional shares of Arcata. The complaint alleges that Arcata failed to cause Arcata securities to be registered, despite a written demand that it do so, and that Arcata failed to tender additional Arcata shares to which plaintiff became entitled by virtue of the earnings record of Brand Rating. These failures are alleged to be actionable both as breaches of contract under common law principles and as part of a scheme to acquire Brand Rating by means of fraudulent representations in violation of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10 b–5, 17 C.F.R. § 240.10 b–5.

Arcata, a California corporation which has several subsidiaries incorporated in or doing business in New York and a "Group Vice-President" who operates out of New York, has moved to dismiss the common law claims for improper venue. Plaintiffs oppose the motion on the grounds that (1) since venue is proper as to the Securities Exchange Act claim, it is proper as to the remaining claims under the principle of "pendent venue"; (2) Arcata is doing business in this judicial district; and (3) the claims arose in this judicial district. Although plaintiffs have presented strong

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for plaintiffs.

arguments in support of their second and third grounds for denying the motion, I accept the principle of pendent venue and therefore do not reach these issues.

■ The above-described causes of action are so closely related that they can fairly be described as a single cause of action with separate grounds for relief. Under this interpretation of the complaint, "[a] venue that is proper for the federal ground will support adjudication of the interrelated nonfederal ground." 1 J. Moore, Federal Practice, ¶ 0.140 [5] at 1334.

■ However, even if we assume that the complaint alleges separate causes of action, venue as to the common law claims should be sustained by virtue of the concededly proper venue of the federal claim. In Travis v. Anthes Imperial Ltd., 473 F.2d 515 (1973), the Eighth Circuit held that a finding of proper venue as to a count which alleged violations of the Securities Exchange Act was sufficient to warrant a finding that venue was proper as to common law claims which arose out of the same "nucleus of operative fact". The court cited 5 L. Loss, Securities Regulation (2d Ed. Supp.1969) which amends volume 2, Chapter 6B. Professor Loss argues thaat the pendent venue concept is reasonable in these circumstances since similar common law counterclaims and third-party claims could be brought without regard to venue requirements, and that "it would seem odd to recognize pendent jurisdiction over the subject matter (and doubly odd to recognize pendent jurisdiction over the person) without recognizing pendent venue." (Volume 5, at p. 2975). See, also, Carolyn Chenilles, Inc. v. Ostow & Jacobs, Inc., 168 F.Supp. 894 (S.D.N.Y.1958); Dauphin Corporation v. Davis, 201 F.Supp. 470 (D.Del.1962); and In re Penn Central Securities Litigation, 338 F.Supp. 438 (E.D.Penn.1972).

I am convinced that this forum is not sufficiently inconvenient to warrant transfer under the doctrine of *forum non conveniens*. I am further convinced that the proof of the various claims will be substantially similar and that the conduct of separate trials in federal courts 3,000 miles apart would be wasteful of the resources of the courts and of the parties. See *Carolyn Chenilles, supra*, at pp. 898–899 of 168 F.Supp.

The motion is denied.

So ordered.