NATIONAL TEA COMPANY, All-Brite Trading Corporation and Consolidated Foods Corporation, Libellants,

v.

THE MARSEILLE, her engines, tackle, etc.

and

Compagnie de Navigation Cyprien Fabre, Respondent.

United States District Court
S. D. New York.
June 22, 1956.

Bigham, Englar, Jones & Houston, New York City, William F. Andersen, New York City, of counsel, for libellants.

Burlingham, Hupper & Kennedy, New York City, Elliott B. Nixon, Jr., New York City, of counsel, for respondent.

LEVET, District Judge.

The respondent, Compagnie de Navigation Cyprien Fabre, moves to transfer this admiralty suit to the Eastern District of Louisiana pursuant to Title 28 U.S.C.A. § 1404(a), which provides:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The libellants seek to recover in this suit for alleged damage to goods shipped

on a French steamship from ports in the Mediterranean to New Orleans, Louisiana and Houston, Texas. The libellants are three foreign corporations, two of which are incorporated in California, whereas the third is incorporated in Illinois. It does not appear that any one of the three libellants has filed a certificate of doing business in the State of New York.

The respondent is a foreign corporation organized and existing under the laws of France. It has agents handling its affairs in New York, New Orleans and Houston and is subject to process in any of the aforementioned cities. It appears that the respondent's general agent is located in this district. The respondent also operates vessels which regularly dock in New York City, although respondent's counsel alleges in his affidavit that the steamship involved in this suit, to wit, the S.S. Marseille, has not called at New York since February, 1951.

It is also alleged in the moving affidavit that the respondent's witnesses, including the officers and crew of the S.S. Marseille, reside in, or are available at, New Orleans, Louisiana and Houston, Texas, and that it would be more convenient to obtain their testimony in New Orleans. However, the names and whereabouts of these witnesses are not included in the affidavit, nor is there any general showing as to what the respondent proposes to prove by such witnesses. The respondent's counsel also states that the relevant documentary evidence, including bills of lading, tally slips, stowage plan, log books, etc., are kept either at the offices of respondent's agents in New Orleans and Houston or on board the S.S. Marseille, and not in New York. Counsel for the libellants argues that it does not appear that the documentary evidence is available in New Orleans and has submitted annexed to his opposing affidavit a copy of a letter, dated February 8, 1955, signed by respondent's New Orleans agent, in which it is stated by said agent that it did not possess an extract of the log and stowage particulars of the S.S.

Marseille with respect to the voyage in question.

The general rule with respect to motions to transfer suits to other forums is that the plaintiff's choice of forum should rarely be disturbed unless the balance of convenience is strongly in favor of the defendant. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L. Ed. 1055; Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329. The defendant has the burden of overcoming the plaintiff's venue privilege by showing who its witnesses are and, in general, what plaintiff proposes to prove by such witnesses. Savage v. Kaiser Motors Corp., D.C. Minn.1953, 116 F.Supp. 433; Jenkins v. Wilson Freight Forwarding Co., D.C. S.D.N.Y.1952, 104 F.Supp. 422. It is only in exceptional cases that relief will be granted under the statute. Lucas v. New York Cent. R. Co., D.C.S.D.N.Y. 1950, 88 F.Supp. 536. It has also been held that Section 1404(a) is applicable to suits in admiralty. Arrowhead Co. v. The Aimee Lykes, 2 Cir., 193 F.2d 83.

In applying the aforementioned principles to the facts as set forth in the papers submitted to the Court, it does not appear that the respondent has sustained its burden of establishing that the balance of convenience strongly preponderates in its favor so as to justify a transfer of this suit to New Orleans. The respondent has failed to apprise the Court of the names and whereabouts of its key witnesses and the general facts to which they will testify, nor has respondent shown that the officers and crew of the S.S. Marseille during the voyage in question are still attached to said ship and not now assigned to one of respondent's vessels which regularly dock in New York. Respondent has not established that the documentary evidence upon which it will rely in this suit is located in New Orleans.

The libellant's choice of forum is a substantial privilege and this Court will not speculate upon the basis of the statements set forth in the moving affidavit that the convenience of the parties and

witnesses would best be served by a transfer of this suit to New Orleans. Accordingly, respondent's motion to transfer this suit to the Eastern District of Louisiana at New Orleans is denied.

So ordered.