**DAUPHIN CORPORATION, Plaintiff,**

v.

**REDWALL CORPORATION, James J. Davis and George C. Wilkinson, Defendants.**

**Civ. A. No. 2345.**

United States District Court
D. Delaware.
Jan. 23, 1962.

See also 201 F.Supp. 470.

----♦----

John P. Sinclair, of Berl, Potter & Anderson, Wilmington, Del., for plaintiff, Windels, Currie & Rice, New York City, of counsel.

John M. Bader, John Biggs, III, of Bader & Biggs, Wilmington, Del., for certain defendants.

S. Samuel Arsht, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., and Vincent F. Kilborn and Willis C. Darby, Jr., Mobile, Ala., for defendant George C. Wilkinson.

STEEL, District Judge.

The complaint alleges that plaintiff, Dauphin Corporation, bought from defendant Redwall Corporation a $462,500 note of the Pineda Club, Inc., and issued in payment 120,130 shares of Dauphin stock having a book value of $462,500. Both the note and certain lands, which constituted the only asset of the Pineda Club, Inc., were, according to the complaint, fictitiously valued. The individual defendants, Davis and Wilkinson, along with one Walbridge, are alleged to have owned and controlled Redwall; and Davis is alleged to have been an officer and director of and general counsel to Dauphin as well.

The complaint further alleges that the three defendants, in urging Dauphin to purchase the note, made to its board of directors certain untrue statements of material facts and omitted to state certain material facts necessary to make their statements not misleading in the light of the circumstances under which they were made; that they employed devices, schemes or artifices to defraud plaintiff in the sale of the note, that they

had engaged in practices in the course of business which operated as a fraud and deceit upon plaintiff; and that interstate facilities were used to accomplish these purposes. Plaintiff sues to rescind the transaction, or alternatively for damages.

Plaintiff bases its claim upon a violation of Sections 12(2) and 17(a) of the Securities Act of 1933, 15 U.S.C.A. §§ 77l(2) and 77q(a), and Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j(b) and Rule X–10B–5 thereunder. Jurisdiction is asserted under Section 22(a) of the Act of 1933, 15 U.S.C.A. § 77v(a), and Section 27 of the Act of 1934, 15 U.S.C.A. § 78aa.

Motions have been filed by the defendants to dismiss the complaint. Compositely, they assert that the complaint substantively fails to state a cause of action, that the venue of this district is not proper as to the individual defendants, that service upon them outside of this district was invalid, and, because the individual defendants are not subject to suit in this court, there is a lack of indispensable parties. Affidavits for and against the motions have been filed. During argument counsel for defendants stated that the affidavits were not to be considered in determining whether a good cause of action had been substantively stated, but only in connection with the other grounds of the motion.

■ So far as the alleged substantive infirmity of the complaint is concerned, defendants contend that a defrauded buyer is not entitled to recover under Section 10(b) of the 1934 Act and Rule X–10B–5 thereunder. Defendants point out that Section 10(b) and Rule X–10B–5 do not expressly authorize a civil action by a defrauded buyer, whereas Section 12 (2) of the 1933 Act expressly does so provide and that the latter section and its companion Section 13 contain express limitations or conditions on a buyer's right of recovery, such as tender of the purchased security and a special statute of limitations. Because of this positive right of recovery granted to a buyer by Section 12 of the 1933 Act, and its built-in conditions and limitations, defendants assert it would be unreasonable to assume a Congressional intention to give a defrauded buyer an identical right to recover under the 1934 Act and Rule X–10B–5, particularly as the conditions and limitations imposed by the 1933 Act are lacking in the 1934 Act. Defendants recognize that the courts have held with virtual unanimity that a defrauded *seller* is entitled to sue civilly under Section 10 (b) of the 1934 Act and Rule X–10B–5, but they argue that precedents supporting such right are irrelevant since no comparable right to recover was granted to a defrauded seller by the 1933 Act.

Defendants argue further that plaintiff is not entitled to recover under Section 12(2) of the 1933 Act because prior to suit it had not tendered to Redwall the Pineda Club, Inc., note as defendants say Section 12(2) requires.

The argument that no recovery can be had by a defrauded buyer under Section 10(b) of the 1934 Act and Rule X–10B–5 because of the specific civil remedy accorded to a buyer by Section 12(2) of the 1933 Act was considered and rejected in Ellis v. Carter, 291 F.2d 270, 272–273 (9th Cir. 1961). There the court painstakingly analyzed the argument which is now presented. It recognized that "inescapable anomalies" exist regardless of whether Section 12(2) of the 1933 Act is construed to place a limitation upon a buyer's right to recover under Rule X–10B–5 or the opposite view is adopted. It concluded, however, that the most desirable result was to permit a buyer to sue under Rule X–10B–5 free of any restriction to be implied from the 1933 Act. Earlier cases reached the same conclusion. Matheson v. Armbrust, 284 F. 2d 670, 674 (9th Cir. 1960); cert. den. 365 U.S. 870, 81 S.Ct. 904, 5 L.Ed.2d 860 (1961); Fischman v. Raytheon Mfg. Co., 188 F.2d 783, 787 (2d Cir. 1951); Texas Continental Life Ins. Co. v. Bankers Bond Company, 187 F.Supp. 14 (W.D.Ky. 1960); Osborne v. Mallory, 86 F.Supp. 869, 879 (S.D.N.Y.1949). Rosenberg v. Globe Aircraft Corp., 80 F.Supp. 123 (E.D.Pa.1948) and Montague v. Elec-

tronic Corporation, 76 F.Supp. 933 (S.D. N.Y.1948) express a contrary point of view. The reasoning of the court in Ellis v. Carter, supra, is particularly persuasive and is adopted by this court. Since plaintiff is entitled to predicate its cause of action upon Section 10(b) of the 1934 Act and Rule X–10B–5, it is unnecessary to consider whether Section 12 (2) of the 1933 Act required plaintiff to make a tender of the Pineda note to Redwall before beginning the action. Nor is it necessary to determine whether the action is maintainable under Section 17 of the 1933 Act. It is to be noted, however, that the right of an aggrieved buyer to sue under Section 17(a) was sustained in Osborne v. Mallory, 86 F.Supp. 869 (S.D.N.Y.1949).

■ The defendant Wilkinson makes the additional argument that the complaint alleges no wrong on his part. Paragraphs 4 and 13 of the complaint allege that the directors of the plaintiff were induced to authorize the purchase of the Pineda note because Wilkinson made to plaintiff's board of directors untrue statements of material fact and omitted to state material facts necessary to make the other statements not misleading in the light of their context. The complaint further alleges that Wilkinson and others procured a series of transactions which led up to the sale of the Pineda note by Redwall, that Redwall was organized as a conduit for benefits which Wilkinson and others expected from the transaction, and that in connection with the several transactions Wilkinson made use of interstate facilities. Assuming these allegations to be true, this is enough to make Wilkinson liable for a violation of Section 10(b) of the 1934 Act and Rule X–10B–5. Although no relief is specifically prayed for against Wilkinson, the prayer for a money judgment is general, and if the allegations of the complaint are proven the court would be warranted in entering a joint and several judgment against all defendants.

■ Since plaintiff has stated a claim under Section 10(b) of the 1934 Act, the special process and venue provisions of that Act are applicable. Thiele v. Shields, 131 F.Supp. 416, 420 (S.D.N.Y. 1955). Section 27 provides that a suit to enforce liability or duty created by the Act or rules promulgated under it may be brought in the district where "(1) any act or transaction constituting the violation occurred, (2) the defendant is found, (3) is an inhabitant, or (4) transacts business."

Venue as to Redwall is not contested.

■ Neither Wilkinson nor Davis, however, were found in this district or inhabit it. It is unnecessary to determine whether because of their relationship to Redwall they transact business here; for it is clear that an act or transaction constituting the violation occurred in Delaware.

Paragraph 11 of the verified complaint alleges that the defendants Davis and Wilkinson organized the defendant Redwall with the intention that it be used "as a conduit for the benefits which defendants Davis and Wilkinson expected from the purchase of the note by the plaintiff." The Davis affidavit, Paragraph 6, asserts that Redwall was organized to carry forward the purpose of a preliminary agreement under which plaintiff was to acquire the Pineda real estate through the acquisition of the stock of Merchants and Industrial Capital Company. Paragraph 1 of the Garrett affidavit states that documents were sent to Delaware for the purpose of increasing the plaintiff's authorized stock so that it would have at least 120,130 shares to issue to Redwall in exchange for the Pineda note. The Davis affidavit, Paragraph 6, explains the amendment as being for the purpose of making stock available for the acquisition, control and merger of Metropolitan Investment Company and Bayside Motel Corporation, "as well as the acquisition of the Pineda property."

Here, then, are two acts—the filing of the charter of Redwall and the amendment of the charter of Dauphin—which took place in Delaware. They were integral parts of the fraud for which all de-

fendants were the intended beneficiaries. They were acts of material importance to the sale of the Pineda note. This is sufficient to support the venue of this district. Hooper v. Mountain States Securities Corporation, 282 F.2d 195, 205 (5th Cir. 1960); cert. den. 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1961). Indeed, it was said in Errion v. Connell, 236 F.2d 447, 455 (9th Cir. 1956) that one act within the forum district in connection with the fraud is sufficient to support "jurisdiction".

Although Davis and Wilkinson were, served outside of the District of Delaware, the service was valid under Section 27 of the Act of 1934.

In view of what has been said, there is no basis for the contention that indispensable parties are lacking.

The motion to dismiss will be overruled.