**TOWNSEND CORPORATION OF AMER-ICA, Plaintiff,**

v.

**Clinton DAVIDSON et al., Defendants.**

**Civ. A. No. 72–62.**

United States District Court
D. New Jersey.

Sept. 16, 1963.

Joseph Schildkret, New York City, for plaintiff; Martin Horwitz and Edmund H. Kerr, New York City, of counsel.

O'Mara, Schumann, Davis & Lynch, by James A. Hession, Jersey City, N. J., for defendants A. C. Wedemeyer and W. F. Rockwell; Cahill, Gordon, Reindel & Ohl, by Robert G. Zeller, Thomas E. Weesner and Robert L. Fonner, New York City, of counsel.

Riker, Danzig, Marsh & Scherer, by Charles Danzig, Newark, N. J., for defendant C. F. Smith; Sullivan & Cromwell, by Alfred Jaretzki, Jr., Marvin Schwartz, Edward W. Keane and E. Roger Frisch, New York City, of counsel.

AUGELLI, District Judge.

In this action against a number of its former directors and others, plaintiff Townsend Corporation of America (TCA) seeks, inter alia, an accounting for all damages claimed to have been sustained by it as a result of the several transactions alleged in the 11 counts of the complaint. The director-defendants are charged with violations of the Investment Company Act of 1940 (Act), 15 U.S.C.A. § 80a–1, et seq., and breaches of common law fiduciary duties.

The management of TCA is presently vested in an interim board of directors appointed by this Court in a separate proceeding brought by the Securities and Exchange Commission.

The jurisdiction of this Court is invoked solely under section 44 of the Act, 15 U.S.C.A. § 80a–43 [1]. Said section, in pertinent part, provides that:

"* * * [a]ny suit or action to enforce any liability or duty created by, or to enjoin any violation

of, this subchapter * * * may be brought in any * * * [district wherein any act or transaction constituting the violation occurred] or in the district wherein the defendant is an inhabitant or transacts business, and process in such cases may be served in any district of which the defendant is an inhabitant or transacts business or wherever the defendant may be found. * * * "

Three of the defendants, Smith, Wedemeyer and Rockwell (former directors of TCA), now move, pursuant to Rule 12(b) (3) and (5) of the Federal Rules of Civil Procedure, for a dismissal of the complaint on the ground that venue is improperly laid in this District, and to quash service of process made upon them on the ground that service outside the District was ineffectual to obtain personal jurisdiction over them [2].

It is conceded that defendants Smith, Wedemeyer and Rockwell are neither inhabitants of this District, nor do they transact business here; also, that all were served with process outside the territorial limits of the District. Therefore, venue and service of process would be valid under section 44 of the Act if the Court determines that this is an "action to enforce any liability of duty created by" the Act and that, in addition as to venue, "any act or transaction" alleged to be a violation of the Act occurred in this District.

The complaint in this case charges the defendants with the commission of a number of acts, as well as omissions to act, which TCA claims are violative of both the Act and the common law. There

---

[1]. The complaint also alleged diversity jurisdiction under 28 U.S.C.A. § 1332. However, it was admitted at the oral argument of the motions in this case that such jurisdiction could not be sustained because of the lack of complete diversity of citizenship between the parties.

[2]. The general venue statute, 28 U.S.C.A. § 1391(b), provides that: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought

only in the judicial district where all defendants reside, except as otherwise provided by law." And Rule 4(f) of the Federal Rules of Civil Procedure, in pertinent part, reads: "All process * * * may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state. * * * "

is a general allegation that "[e]ach of said acts constituted a violation of one or more provisions of the Act * * *". In addition, it is specifically alleged that TCA was an "investment company" within the meaning of section 3(a) of the Act, 15 U.S.C.A. § 80a–3(a), and that the defendants failed to cause TCA to register as such with the Securities and Exchange Commission under section 8 of the Act, 15 U.S.C.A. § 80a–8. It is further alleged that the defendants caused TCA to engage in various activities in interstate commerce prohibited to an unregistered investment company by section 7(a) of the Act, 15 U.S.C.A. § 80a–7(a).

■ Notwithstanding that the complaint in this case alleges violations of the Act, the defendants argue that the Act does not, either expressly or by implication, create in TCA a private right of action against its directors for such violations. Concededly, the Act does not expressly grant a private remedy or create a private liability for a violation thereof. But there is respectable authority that a private right of action may be implied. For conflicting views on this question compare Brown v. Bullock, 294 F.2d 415 (2 Cir., 1961) with Brouk v. Managed Funds, Inc., 286 F.2d 901 (8 Cir., 1961), vacated as moot, 369 U.S. 424, 82 S.Ct. 878, 8 L.Ed.2d 6 (1962). However, in a recent case in this Circuit, Taussig v. Wellington Fund, Inc., 313 F.2d 472 (1963), the Court of Appeals has indicated that in a situation similar to the one here under consideration on this point, the contention that there exists an implied private right to relief is not frivolous. At this stage of the proceedings, this Court need go no further in determining the merits of the plaintiff's claims.

The defendants also question whether they, as directors, can be held individually liable for violations of section 7 of the Act, 15 U.S.C.A. § 80a–7, dealing with transactions by unregistered investment companies, and whether they can be held responsible for causing TCA, while an unregistered investment company, to violate certain sections of the Act which appear on their face to apply only to registered investment companies. Suffice it to say that for the purpose of the present motions, this Court has subject matter jurisdiction under the Act. This does not mean, however, that appropriate motions addressed to the legal sufficiency of the separate counts of the complaint may not be made at some future time.

■ The next question to be decided is whether any act or transaction constituting a violation of the Act occurred in this District. The moving defendants stress their lack of participation in the activities that took place in this State. The defendants Smith and Rockwell appear not to have attended any meetings of the TCA board of directors held in this District. The defendant Wedemeyer attended one or two meetings in New Jersey. Among the contentions made by these defendants is that if their failure to cause TCA to register as an investment company is a violation of the Act, such violation could occur only at the place where registration is required to be made (in the office of the Securities and Exchange Commission in Washington, D. C.) or at the place where the deliberate decision was made not to register TCA, which place is not alleged.

The plaintiff asserts that at least some of the acts and transactions alleged to be violative of the Act occurred in New Jersey, where TCA had its principal place of business and conducted most of its business transactions. While it is true that the present record shows attendance or non-attendance of the moving defendants at TCA directors' meetings to have been as previously stated, nevertheless the complaint sufficiently alleges their connection with and participation in the unlawful "acts, plans and conspiracies" carried on in this State by other defendants alleged to have been "in actual and effective control" of TCA. See Thiele v. Shields, 131 F.Supp. 416, 420 (S.D.N.Y.1955). Moreover, there need be only one act "of material importance to the consummation of the

scheme" within this District to support venue under section 44 of the Act. See Hooper v. Mountain States Securities Corporation, 282 F.2d 195, 205 (5 Cir., 1960); Errion v. Connell, 236 F.2d 447, 455 (9 Cir., 1956); Dauphin Corporation v. Redwall Corporation, 201 F.Supp. 466 (D.Del.1962). Plaintiffs' affidavits indicate that TCA's activities were centered in this State, and that numerous acts which are alleged to constitute violations of the Act occurred in New Jersey.

■ The final contention made by the defendants is that even if TCA has asserted a sustainable action under the Act, it should not be permitted to use the long-arm service of process provision of section 44 of the Act to acquire personal jurisdiction over out-of-state defendants with regard to any of the non-federal common law claims here involved. In support of this contention defendants rely primarily upon Schwartz v. Bowman, 156 F.Supp. 361 (S.D.N.Y. 1957); Lasch v. Antkies, 161 F.Supp. 851 (E.D.Pa.1958); International Ladies' Garment Workers' Union v. Shields & Co., 209 F.Supp. 145 (S.D.N.Y.1962). In each of these cases the court refused to extend the doctrine of pendent jurisdiction so as to permit extraterritorial service of process in connection with a pendent state claim. TCA, in support of its position, argues that the controlling case on this proposition is Schwartz v. Eaton, 264 F.2d 195 (2 Cir., 1959). The majority opinion in Eaton dismissed the appeal that was taken from the judgment entered by Judge Dimock in 156 F.Supp. 361 on the ground that the judgment, relating as it did to only part of a single claim, was a nullity and hence, not appealable. The Court of Appeals stated, however, in very definite language that the pendent jurisdiction doctrine did extend the service of process provision of section 44 of the Act to a state claim arising under the same facts that formed the basis of the federal claim. This certainly would seem to be the better view as a matter of judicial economy and convenience of the parties where, as here, the same acts are alleged to be both a violation of the Act and also actionable under state law. This Court adopts that view.

For the reasons stated, this Court finds that, under section 44 of the Act, venue has been properly laid in this District and that service of process made upon the moving defendants outside the District was not ineffective as to said defendants. Under the circumstances the motions will be denied.

Submit order.