SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

HARWYN PUBLISHING CORPORATION, Harvey R. Siegel, Stanley Singer, John DeAndrea, Jay Cohan, Philip Shaiman, Chester Rudd, Sidney Schwartz, Samuel Zuckerman, Defendants.

United States District Court
S. D. New York.

June 23, 1964.

Stember & Dershowitz, New York City, for defendant Sidney Schwartz, Jerome M. Stember, New York City, of counsel.

CASHIN, District Judge.

Defendant Sidney Schwartz moves for a dismissal of the captioned action on the ground that this court has neither jurisdiction of the subject matter nor over the person of this defendant; the defendant further moves in the alternative for an order severing this action as to him and, pursuant to 28 U.S.C. § 1404(a), transferring the action against him to the United States District Court for the District of Colorado.

The defendant Schwartz is named as a defendant only in the second cause of action of the complaint herein. The second cause of action alleges that defendants, Schwartz, Singer, DeAndrea, Cohan, Shaiman, Rudd, and Zuckerman constitute a group controlling the Harwyn Publishing Corporation and since February 1963 in the Southern District of New York and elsewhere "singularly and in concert, directly and indirectly have been and are now making use of means and instruments of transportation and communication in interstate commerce, and of the mails to offer, sell and deliver after sale shares of Harwyn Class A stock," without a registration statement having been filed or in effect with respect to these shares.

The complaint seeks a temporary restraining order, a preliminary injunction, and a final injunction restraining the defendants from selling, offering to sell, or delivering the said shares without registration. As hereinbefore stated, however, the only matters which are submitted here for the court's determination are the defendant Schwartz's motion for dismissal of the complaint, and his alternative motion for transfer of the action to the District of Colorado.

Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a), provides in pertinent part as follows:

"The district courts of the United States * * * shall have jurisdic-

Llewellyn P. Young, Regional Administrator, Barry Feiner, Asst. Chief Enforcement Atty.; Bert L. Gusrae, Jack Becker, New York City, for plaintiff.

tion of offenses and violations under this title and * * * of all suits in equity and actions at law brought to enforce any liability or duty created by this title. Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or whereever the defendant may be found."

Thus, since § 22(a) specifically confers upon the district court jurisdiction of an action arising under the Act, the defendant's contention that the court lacks jurisdiction of the subject matter herein is without merit.

The defendant Schwartz is an inhabitant of Denver, Colorado, and the plaintiff's complaint in this action was served on him there on or about April 14, 1964. Defendant contends that the service of the complaint upon him in Colorado does not confer jurisdiction over his person under the provisions of § 22(a) of the Act. Section 22(a) permits an action to be brought "in the district where the offer or sale took place, if the defendant participated therein," and further provides that in such cases process "may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found." Thus, service of process upon the defendant Schwartz beyond the territorial limits of this court would be proper and would confer jurisdiction over his person if the plaintiff established herein that the defendant Schwartz "participated" in any offer or sale of Harwyn stock within the Southern District of New York.

After reading the complaint and other papers herein, and on the basis of the affidavits submitted, I find for the purposes of this motion that plaintiff has sustained its burden of establishing that Schwartz did in fact participate in the sale of Harwyn shares within this district. On July 18, 1963, August 5, 1963

and October 25, 1963, Schwartz purchased a total of 1500 shares of Harwyn Publishing Corporation stock through the brokerage firm of Bosworth, Sullivan & Co., Inc. On January 23, 1964 Schwartz executed a $7,000 90-day loan agreement with the Central Bank and Trust Company of Denver, Colorado, using as collateral for the loan 1300 of the 1500 shares of Harwyn stock previously purchased by him. Schwartz then liquidated that loan by selling those shares in the open market through the concern of Bosworth, Sullivan & Co. to James Anthony & Co., 37 Wall Street, New York, N.Y. and H. Kook & Co., Inc., 54 Wall Street, New York, N.Y. The 1300 shares of Harwyn stock were then delivered after sale to James Anthony & Co., Inc. and H. Kook & Co., Inc., who paid for them upon receipt.

■ Under these circumstances, Schwartz "participated" in a sale which "took place" in the Southern District of New York even though he was not present in this district at the time the sale took place. See Moore v. Gorman, 75 F. Supp. 453 (S.D.N.Y.1948); Schillner v. H. Vaughan Clarke & Co., 134 F.2d 875 (2 Cir. 1943); Securities and Exchange Commission v. Wimer, 75 F.Supp. 955 (D.C.Pa.1948); Rosenberg v. Globe Aircraft Corp., 80 F.Supp. 123, 125 (E.D. Pa.1948).

The defendant Schwartz's motion for dismissal of the complaint is denied.

I come now to the defendant's alternative motion to sever the action against him and to transfer the action to the United States District Court for the District of Colorado.

Title 28 U.S.C. § 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ It is clear that § 1404(a) is not merely a codification of the doctrine of *forum non conveniens.* Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.

Ed. 789 (1955). By application of § 1404 (a), the trial court may transfer an action to a more suitable forum when the plaintiff's choice of forum, although permissible by a venue statute, probably will work a substantial hardship upon the defendant and the witnesses, which hardship cannot be justified by a showing of countervailing convenience or necessity on the plaintiff's part. United States v. General Motors Corporation, 183 F.Supp. 858, 860 (S.D.N.Y.1960).

 A transfer may be ordered under § 1404(a) upon a lesser showing of inconvenience than would be required to warrant a dismissal under the doctrine of *forum non conveniens.* Peyser v. General Motors Corporation, 158 F.Supp. 526 (S.D.N.Y.1958). The section reflects a "desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964).

Generally, however, plaintiff's choice of forum is entitled to much weight in considering motions to transfer. Mays v. Oxford Paper Co., 195 F.Supp. 414 (E.D. Pa.1961). Although it is true that the plaintiff's choice of forum would assume lesser importance when none of the conduct complained of occurred in the forum plaintiff selected (Chicago, R. I. & P. R. Co. v. Igoe, 7 Cir., 220 F.2d 299 (1955), cert. denied, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735), the instant case does not present such a situation.

I conclude that a sufficient showing of circumstances has not been made that a transfer to the District of Colorado would further the interests of justice and the convenience of parties and witnesses. Although plaintiff does list many "possible witnesses" who reside in or near Denver, Colorado, plaintiff is very vague as to what such witnesses would testify. From a reading of the papers herein, it appears that a transfer would cause as much inconvenience as it would avoid. Moreover, another factor which militates against the granting of defendant's mo-

tion is that it is extremely unlikely that this action would result in a prolonged trial.

Unless the balance of convenience and justice has been shown to weigh heavily in favor of the defendant, the plaintiff's choice of forum should not be disturbed. Desousa v. Panama Canal Co., 202 F.Supp. 22 (S.D.N.Y.1962); National Tea Co. v. The Marseille, 142 F.Supp. 415 (S.D.N.Y.1956).

The defendant's motions are denied in their entirety.

It is so ordered.