**Irving L. WHARTON, as Trustee in Proceedings for the Reorganization of Continental Vending Machine Corp. and Continental Apco Inc., Plaintiff,**

v.

**Harold ROTH, Leonard Wolfe, Alan Wolfe, Natalie Wolfe, Rosalind Wolfe, Melvin Wolfe et al., Defendants.**

No. 64–C–946.

United States District Court
E. D. New York.

Dec. 22, 1964.

See also D.C., 41 F.R.D. 177.

Berlin, Berelson & Rothaus, New York City, by Stuart Berelson, for defendants.

Christy, Bauman & Christy, New York City, by Joseph J. Marcheso, New York City, for defendants.

MISHLER, District Judge.

Motion by defendants Leonard Wolfe, Natalie Wolfe, Alan Wolfe, Rosalind Wolfe and Melvin Wolfe to dismiss the complaint pursuant to Rule 12(b) of the Rules of Civil Procedure.

The trustee appointed in two proceedings instituted against Continental Vending Machine Corp. (Continental) and Continental Apco Inc. (Apco) in this Court pursuant to Chapter X of the Bankruptcy Act (File #63–B–663 and 63–B–959) commenced this action against Harold Roth, the principal officer of Continental and Apco, and others, claiming many and varied acts in violation of the Securities Act of 1933 and Securities Exchange Act of 1934.

The moving parties, relatives of defendant Harold Roth, together with others, designated in the complaint as the Roth Group, are charged with entering into agreements and conspiracies to divert funds of Continental and Apco through Valley Commercial Corporation, a corporation dominated and controlled by defendant Harold Roth. Moving parties are further charged with conspiring with defendant Harold Roth and others in issuing false and fraudulent statements in violation of the aforementioned acts.

■ Claim numbered "Thirty-Third" of the complaint expressly fixes the place of the violation at 1956 Brush Hollow Road, Westbury, Long Island, the principal place of business of Continental and Apco, which is within the territorial jurisdiction of this Court. It is clear from the alleged violations upon which the other claims stated are based, that they took place in whole or in part, within the territorial jurisdiction of this Court. The Court takes judicial notice of the pending bankruptcy proceedings and determines that the claimed violations of the Acts occurred within the territorial jurisdiction of this Court.

The affidavits of the moving parties state that they are residents (citizens) of the State of Florida.

The affidavit of Leonard Wolfe states:

"I have at various times owned and sold shares of stock and debentures in the aforesaid corporations, but these transactions took place only in the State of Florida."

Alan Wolfe, Natalie Wolfe, Rosalind Wolfe and Melvin Wolfe similarly state that they held and sold stock and debentures in Continental and Apco. The affidavits further show that the transactions took place in the State of Florida.

These statements do not negate the claims in the complaint that the acts or transactions, in whole or in part, were committed within the territorial jurisdiction of this Court. The action may be venued in any district " * * * where the offer or sale took place, if the defendant participated therein * * * " [15 U.S.C. § 77v(a)] or " * * * in the district wherein any act or transaction constituting the violation occurred * * * " [15 U.S.C. § 78aa].

■ It is only necessary to show that an act in furtherance of the unlawful plan was committed within the district to sustain venue. Hooper v. Mountain States Securities Corp., 1960, 5th Cir., 282 F.2d 195, 205, cert. denied, 1961, 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693. If the cause of action is properly here, plaintiff may show defendants' association with the unlawful scheme and their participation in it. It is no answer that defendants' participation consisted of acts and transactions outside the territorial jurisdiction of the Court.

The argument made here was rejected by the District Court of the District of New Jersey in Townsend Corp. v. Davidson, 1963, D.N.J., 222 F.Supp. 1. The Court answered the argument at p. 3, as follows:

" * * * The moving defendants stress their lack of participation in the activities that took place in this State. The defendants Smith and Rockwell appear not to have attended any meetings of the TCA board of directors held in this District.

" * * * the complaint sufficiently alleges their connection with and participation in the unlawful 'acts, plans and conspiracies' carried on in this State by other defendants alleged to have been 'in actual and effective control' of TCA. See Thiele v. Shields, 131 F.Supp. 416, 420 (S.D.N.Y.1955)."

The Court having determined that the action is properly venued in this district, the express provision of both aforementioned sections of the Acts referred to answers the movants' claim of improper service. §§ 77v and 78aa of Title 15 provide in part:

" * * * and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found."

The motion is in all respects denied.

Settle order on two (2) days' notice extending defendants' time to answer ten (10) days from the date of the entry of said Order.