**Wilbur BORDEN**

v.

**OWENS–ILLINOIS GLASS CO.**

No. 66 Civ. 2525.

United States District Court
S. D. New York.

Nov. 3, 1966.

Thomas M. Breen, New York City, for plaintiff.

Burlingham, Underwood, Barron, Wright & White, New York City, for defendant.

COOPER, District Judge.

Pursuant to 28 U.S.C. § 1404(a), defendant moves to transfer venue from this district to the United States District Court for the Middle District of Florida at Jacksonville. Motion granted.

The contacts with the Jacksonville forum appear more substantial than the minimal contact here. Plaintiff is now residing in Jacksonville. Defendant's vessel is presently engaged in a regular run between Jacksonville and the Bahamas. We are told that some of its seamen may be called as witnesses and that they are more readily available at Jacksonville where the vessel is berthed. Further, that defendant's records, plaintiff's medical records, and the doctors who treated plaintiff are in Jacksonville.

We are compelled to observe that the evidence supporting most of these factors tends to be more conjectural in nature than positive. Defendant has failed to show the materiality of the witnesses potentially available at the transferee forum. See National Tea Co. v. The Marseille, 142 F.Supp. 415 (S.D.N.Y. 1956). As for the records in Jacksonville: they can be sent to this district. See Lykes Bros. Steamship Co., Inc. v. Sugarman, 272 F.2d 679, 681 (2d Cir. 1959); Clendenin v. United Fruit Co., 214 F.Supp. 137, 140 (E.D.Penn.1963). The availability of the ship for inspection is of minor importance. See Clendenin v. United Fruit Co., supra.

We give greatest weight to the availability of the medical witnesses in Jacksonville. The gravamen of plaintiff's complaint is that he sustained heart injuries as a result of the unseaworthy condition of the vessel. Given this complicated physiological condition and the problems of causation involved, we deem it in the interests of justice that the selection of a triable forum should take into account accessibility for the doctors who treated plaintiff so that their "live" testimony may be elicited.

Plaintiff's only connection with this forum is his retention of a New York attorney. While we accord heavy weight to the attorney-client relationship, especially in seamen's cases, we consider the more substantial contacts of the

Jacksonville forum outweigh other considerations and warrant the transfer sought.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.