**Lewis E. ZORN, Plaintiff,**

v.

**O. Kelley ANDERSON et al., Defendants.**

**No. 66 Civ. 1905.**

United States District Court
S. D. New York.

Dec. 5, 1966.

Migdal, Low, Tenney & Glass, New York City, for plaintiff; Lester C. Migdal, David Y. Handelman, New York City, of counsel.

Walsh & Frisch, New York City, for defendant The Exchange Fund of Boston, Inc.; E. Roger Frisch, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendants other than The Exchange Fund of Boston, Inc.; Marvin Schwartz, Edward W. Keane, New York City, of counsel.

## MEMORANDUM

COOPER, District Judge.

Pursuant to Rule 12(b) (3) of the F.R.Civ.P., defendants move to dismiss the action for improper venue, or in the alternative, pursuant to 28 U.S.C. § 1404 (a), to transfer the action to Massachusetts. Motions denied.

Plaintiff claims violations of the Investment Company Act of 1940, 15 U.S. C. § 80a–1 et seq., the Securities Act of 1933, 15 U.S.C. § 77a et seq., and the Securities Exchange Act of 1934, 15 U. S.C. § 78a et seq.

### As to Venue

Venue is determined not by reference to the general venue provisions, 28 U.S.C. § 1391, but to the special venue provisions of the aforementioned Acts.

Venue thereunder is proper if a defendant "transacts business" within the forum district. See 15 U.S.C. §§ 77v (a), 78aa, 80a–43. Defendant Vance, Sanders concedes it has a sales office in New York City. Plaintiff also alleges, and it is not denied, that Vance, Sanders registered with the New York Secretary of State to do business in New York under Sec. 1304 of the New York Business Corporation Law, McKinney's Consol. Laws, c. 4. The concept of "transacting business" under the Acts' venue provisions requires less business activity than that necessary to sustain jurisdiction under a "doing business" or "minimum contacts" standard; it is intended to have a more flexible and broader meaning than the jurisdictional predicates. See Uccellini v. Jones, 182 F.Supp. 375 (D.C.1960); United Industrial Corp. v. Nuclear Corp. of America, 237 F.Supp. 971 (D.Del.1964). Accordingly, where, as here, defendant's activities within the district would be sufficient to support jurisdiction, the district also properly meets the venue standards.

Defendants other than Vance, Sanders contend that although plaintiff calls his action derivative and representative, once his claim is viewed as being solely derivative in nature, venue as to them fails. Assuming that plaintiff's action is solely derivative, venue in this district is still proper.

If there is proper venue under any one of the Acts aforementioned, venue is also proper for a claim arising under all. See Coburn v. Warner,

110 F.Supp. 850 (S.D.N.Y.1953); Thiele v. Shields, 131 F.Supp. 416 (S.D.N.Y. 1955); 3 Loss, Securities Regulation, p. 2009 (2d Ed.1961).

 Under the Exchange Act, venue is proper if the suit is brought in a district "wherein any act or transaction constituting the violation occurred." 15 U.S.C. § 78aa. The complaint (para. 17) alleges that the investment contracts which constitute the gist of plaintiff's grievance achieved stockholder approval or acquiesence by means of a proxy statement in which they were misrepresented. Whether the proxy was false and causally connected to the contracts, is, of course, to be determined at trial. Defendants' intimations to the contrary, it is clear that a proxy in violation of sec. 14(a) of the Exchange Act can support a derivative suit. See J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964).

 Plaintiff alleges that this proxy was mailed to him at his home in the Southern District. Venue under the Exchange Act is proper if one act in furtherance of the unlawful scheme is done in the forum district. This does not require that each defendant perform such an act; sufficient is an act of which all the defendants were the intended beneficiaries and a part of the fraudulent scheme. See Clapp v. Stearns & Co., 229 F.Supp. 305 (S.D.N.Y.1964); Dauphin Corp. v. Redwall Corp., 201 F.Supp. 466 (D.Dela.1962); Hooper v. Mountain States Securities Corp., 282 F.2d 195 (5th Cir. 1960), cert. denied, 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1961); Wharton v. Roth, 263 F.Supp. 922 (E.D. N.Y.1964).

 The proxies sent into this district by interstate mail, with the alleged purpose of securing approval of the contracts, are adequate to sustain venue, for, as alleged in the complaint, it was an important step in the execution and consummation of the fraudulent scheme. See Kane v. Central American Mining and Oil, Inc., 235 F.Supp. 559, 565 (S.D. N.Y.1964).

 Plaintiff also alleges that the 1965 proxy, among other acts, was participated in by all defendants and constituted a violation of sec. 36 of the Investment Company Act, 15 U.S.C. § 80a–35. (Complaint, para. 17 & 18). Here again, venue under the 1940 Act requires but one act of " * * * material importance to the consummation of the scheme * * * " within the forum district. See Townsend Corp. of America v. Davidson, 222 F.Supp. 1, 3 (D.N.J. 1963); 15 U.S.C. § 80a–43. At this stage of the proceedings we cannot say (and we are not asked to) that plaintiff has failed to state a cause of action under the Investment Company Act. See Brown v. Bullock, 294 F.2d 415 (2d Cir. 1964).

 We find unacceptable defendants' contention that plaintiff does not state a representative, nonderivative claim. The complaint requests "repayment" to the "shareholders" and inserts a broad prayer for "other and further relief as may be just and proper." (Complaint, para. 1, 5, of prayer for relief). Defendants urge that the complaint cannot be "representative" because plaintiff does not seek "rescission," defining that as the cash value of his stock in the Fund. However, if plaintiff, as he alleges, was in fact defrauded by the original prospectus of the Fund, the question of what damages were sustained should be decided at trial, not on a motion to dismiss for improper venue. We also note that the complaint alleges a misleading prospectus and a stock certificate received in New York. (Complaint, para. 2. (b), 16). Accordingly, venue is proper under the Securities Act. See 15 U.S.C. § 77v(a); Securities and Exchange Commission v. Wimer, 75 F. Supp. 955 (W.D.Penn.1948); Moore v. Gorman, 75 F.Supp. 453 (S.D.N.Y.1948).

While not formally moving to dismiss the complaint for failure to state a cause of action, defendants express doubts as to the legal sufficiency of plaintiff's claim. The instant motion is based solely on improper venue. Accordingly, we express no opinion as to whether the

facts here alleged will ultimately constitute a cause of action under the respective statutes. We find, however, at this stage of the proceedings that the acts complained of and discussed above are sufficient to sustain venue. See Townsend Corp. of America v. Davidson, supra.

### The Motion for Transfer

■ Defendants must do more than prove inconvenience to establish the right to transfer under 28 U.S.C. § 1404 (a). The plaintiff's choice of forum will not be disturbed " * * * unless the balance of convenience and justice has been shown to weigh heavily in favor of the defendant * * *." Securities and Exchange Commission v. Harwyn Publishing Co., 232 F.Supp. 274, 277 (S. D.N.Y.1964); National Tea Co. v. The Marseille, 142 F.Supp. 415 (S.D.N.Y. 1956). Defendants have not met their burden.

■ Defendants' claim that the Massachusetts forum is more convenient because of the residence of defendants' witnesses is balanced by plaintiff's claim that his witnesses likewise would be inconvenienced by the transfer sought. Defendants' fear that its business would be disrupted by removal of its records to New York City is allayed by plaintiff's assurance of willingness to use photocopies.

■ The broad venue statutes in the various Acts regulating securities are designed to allow the alleged defrauded investor a wide choice of forum. Where, as it appears here, one party or the other will be equally inconvenienced, plaintiff's choice of forum will not be disturbed. See Ford Motor Co. v. Ryan, 182 F.2d 329 (2d Cir. 1950); Blau v. Lamb, 20 F.R.D. 411 (S.D.N.Y.1957).

Further, we cannot find that defendants are being required to litigate in a district where they have no contacts. The papers show otherwise. The situation here is markedly different from that in Ackert v. Ausman, 198 F.Supp. 53 (S.D.N.Y.1961), aff'd. sub nom. Ackert v. Bryan, 299 F.2d 65 (2d Cir. 1962),

relied upon by defendants. Plaintiff here is a resident of this district; the distance between the two cities is relatively close.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.