**In re PENN CENTRAL SECURITIES LITIGATION.**

**Mayer S. REICH**

**v.**

**Howard BUTCHER, III, et al.**

**Philip BARON and Ann Nemser**

**v.**

**Stuart SAUNDERS et al.**

**Rebecca LOWEY et al.**

**v.**

**David C. BEVAN et al.**

**M.D.L. No. 56.**

**Civ. A. Nos. 70-2005, 70-2596 and 70-2818.**

United States District Court, E. D. Pennsylvania.

Jan. 13, 1972.

Pace Reich, Modell, Pincus, Hahn & Reich, Philadelphia, Pa., for plaintiff Mayer S. Reich.

Harry Norman Ball, Philadelphia, Pa., Stanley Nemser of Nemser & Nemser, New York City, for plaintiffs Philip Baron and Ann Nemser.

Allan H. Gordon, Segal, Weiss & Gordon, Philadelphia, Pa., Richard B. Dannenberg and Aaron Lipper of Lipper, Keeley, Katcher, Lowey & Dannenberg, New York City, for plaintiff Rebecca Lowey.

T. R. White, Jr., White & Williams, Philadelphia, Pa., for defendant Howard Butcher, III, and others.

Harry A. Takiff, Takiff, Bolger & Murphy, Philadelphia, Pa., for defendant Stuart Saunders.

Edward C. German, LaBrum & Doak, Philadelphia, Pa., for defendant David C. Bevan.

## OPINION SUR MOTION TO DISMISS FOR IMPROPER VENUE

JOSEPH S. LORD, III, Chief Judge.

All Penn Central Securities Fraud cases are before this court for pretrial purposes by virtue of the order of the Judicial Panel on Multidistrict Litigation, M.D.L. Docket 56. Three defendants in some of the above-captioned actions, John E. Chubb, John G. Patten, and James J. Wright, have filed motions to dismiss these actions because of alleged improper venue, pursuant to F.R. Civ.P. 12(b)(3).

The motions, essentially identical, have been filed on behalf of the defendants in the following actions, as indicated:

C.A. 70–2005—Chubb

C.A. 70–2596—Patten

C.A. 70–2818—Chubb, Patten and Wright

The complaints in all these actions state claims under the Securities Exchange Act of 1934. C.A. 70–2596 and C.A. 70–2818 also allege violations of the Securities Act of 1933, as well as claims under common law principles. Section 27 of the 1934 Act, as amended, 15 U.S.C.A. § 78aa, contains special process and venue provisions. If venue is proper under this act, then it is also proper for the other related violations of law that are alleged. Zorn v. Anderson, 263 F.Supp. 745 (S.D.N.Y.1966); Dau-

phin Corporation v. Davis, 201 F.Supp. 470 (D.Del.1962).

Venue is proper under 15 U.S.C. § 78aa in any district where (1) any act or transaction constituting the violation occurred, (2) the defendant is found, (3) is an inhabitant, or (4) transacts business. All of the actions being considered here were brought in the Eastern District of Pennsylvania. Each of the defendants has submitted an affidavit along with his motion asserting that he did not reside in Pennsylvania, did not transact business in Pennsylvania in the regular course of his duties as an officer of the Penn Central Company, and did not participate in any matter in Pennsylvania that was in furtherance of any of the illegal acts alleged by the plaintiffs. Even if we were to accept all of these contentions of defendants' affidavits as true, we find that venue is proper in this district.

Each of the defendants is a former executive officer of the Penn Central Transportation Company. They are alleged to have acted in concert with other present and former executives of Penn Central Company and Penn Central Transportation Company, employing devices, schemes and artifices to defraud the common stockholders of the Penn Central Company. In all three actions it is alleged that the defendants because of their relationship to Penn Central Company obtained material information concerning the company, and then omitted to divulge this information to all the stockholders of the company or the general public. Instead, it is claimed that they engaged in a fraudulent scheme to deceive the common stockholders, while on the basis of inside information they sold shares of Penn Central common stock for their personal advantage. C.A. 70–2596 and C.A. 70–2818 also allege that the defendants either willfully or with gross negligence mismanaged and wasted assets through improvident investments, thus violating their fiduciary duties.

Since the corporation has its headquarters in this district, it is obvious that the allegations place some illegal acts by some of the defendants, though not necessarily the moving defendants, as having occurred in this district. Moving defendants argue only that venue is improper because they as individuals have committed no illegal acts in this district.

The Securities Exchange Act of 1934 is designed to put an end to interstate frauds in the sale and trading of securities. It would be difficult, if not impossible, to accomplish this purpose if, when a complex scheme is alleged involving defendants from many states, venue for a particular district would have to be established as to each alleged participant in the illegal plan by proving that his illegal acts in furtherance of the fraud were committed in that district. An unnecessary multiplicity of suits and fragmenting of the issues involved would be the result of such a venue requirement. I follow the lead of many other courts in reading 15 U.S.C. § 78aa as providing that venue is proper as to all defendants in any district where it is alleged that any one defendant has committed acts that are violative of the act and in furtherance of the alleged illegal scheme. Hooper v. Mountain States Securities Corporation, 282 F.2d 195 (5th Cir. 1960), cert. denied 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed. 2d 693 (1961); Levin v. Great Western Sugar Company, 274 F.Supp. 974 (D.N.J.1967); Wharton v. Roth, 263 F.Supp. 922 (E.D.N.Y.1964); Clapp v. Stearns & Co., 229 F.Supp. 305 (S.D.N.Y.1964); Dauphin Corporation v. Redwall Corporation, 201 F.Supp. 466 (D.Del.1962); L. Loss, Securities Regulation 4145 (1969 Supp.).

Therefore, the motions to dismiss because of alleged improper venue are hereby denied.