**Frances M. ZERANCE, Guardian of the Estate of Nicholas A. Zerance, an Incompetent**

v.

**WILLIAM HARVEY RESEARCH CORPORATION and Kol Bio Medical Instruments, Inc.**

**Civ. A. No. 75–1680.**

United States District Court, E. D. Pennsylvania.

Sept. 24, 1975.

David S. Shrager, Philadelphia, Pa., for plaintiff.

William J. McKinley, Jr., Philadelphia, Pa., for Wm. Harvey Research Corp.

Kassab, Cherry & Archbold, Media, Pa., for Kol Bio Medical Instruments.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

This matter comes before the Court on motion of defendant William Harvey Research Corporation under 28 U.S.C. § 1404(a) to transfer the suit to the United States District Court for the Middle District of Pennsylvania. For reasons hereinafter set forth, defendant's motion is denied.

Plaintiff and plaintiff's incompetent, both residents of Steelton, Dauphin County, Pennsylvania, which is within the Middle District, brought this action to recover damages sustained as a result of the alleged malfunction of an Oxygenator used during the course of an operation performed on plaintiff's incompetent. This operation was performed by Doctors Wolf Sapirstein and Richard Russel, both physicians practicing in Dauphin County, Pennsylvania at the Polyclinic Hospital in Harrisburg, Pennsylvania. Defendant William Harvey Research Corporation, which allegedly manufactured the equipment in question, is incorporated and has its principal place of business in the State of California and has no place of business within the Commonwealth of Pennsylvania. The other defendant, Kol Bio Medical Instruments, Inc., which plaintiff claims supplied the machinery to the Polyclinic

Hospital, is alleged[1] to be incorporated under the laws of the State of Virginia and has no place of business within the Commonwealth of Pennsylvania:

Section 1404(a) provides as follows:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

▮▮ In view of the fact that the incident in issue occurred in the Middle District, it is indisputable that this suit could have been brought there. On a motion to transfer, however, a district court is vested with wide discretion in weighing all relevant factors to determine if, on balance, the action would proceed more expeditiously and the ends of justice would better be served if the transfer were effected. *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973); *Ungrund v. Cunningham Brothers, Inc.*, 300 F.Supp. 270, 272 (S.D.Ill. 1969). The burden, however, rests upon the moving party to establish that the current forum is inconvenient. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970), *cert. denied* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

The factors used to determine whether the balance of convenience weighs in favor of transferring this suit to the Middle District, or in favor of allowing plaintiff's choice of forum to stand undisturbed, have been recited many times, but the basic enunciation is ultimately traced to *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), where the Supreme Court discussed the principles of the *forum non conveniens* doctrine.

▮▮ The factors relevant to the instant case are: (1) Plaintiff's choice of forum; (2) relative ease of access to sources of proof; (3) the cost of obtaining attendance of willing witnesses; and (4) practical considerations in making the trial easy, expeditious and inexpensive. *See also, Goodman v. Fleischmann*, 364 F.Supp. 1172 (E.D.Pa.1973). The following analysis, which sets forth the factors on which this court relies in denying this motion, as suggested in *Solomon v. Continental American Life Insurance Co.*, 472 F.2d 1043, 1048 (3d Cir. 1973), will show that although this is a close case, defendants have not met their burden of demonstrating the inconvenience of the chosen forum.

First, plaintiff's choice of forum is given great weight by the court. *Shutte v. Armco Steel Corp., supra.* Second, although some relevant sources of proof, such as the hospital and medical records, are located in Harrisburg, the defendant has not demonstrated that other equally important items, such as the equipment in question, can be found there.[2]

Third, in its moving papers, defendant has not filed any affidavits specifically identifying its witnesses and their residences, outlining generally the content and relevance of their testimony. Nor has it noted the particular inconvenience of those witnesses. *Jones Knitting Corp. v. A. M. Pullen & Co.*, 50 F.R.D. 311, 316–317 (S.D.N.Y.1970); *Breindel v. Levitt & Sons, Inc.*, 294 F.Supp. 42 (E.D.N.Y.1968); *Securities & Exchange Commission v. Harwyn Publishing Corp.*, 232 F.Supp. 274, 277 (S.D.N.Y. 1964). The only witnesses to which defendant has made specific reference are Doctors Sapirstein and Russel. Contrariwise, plaintiff has indicated that the operating surgeon, the attending anestheseologist, the hospital administrator, the attending cardiologist and plaintiff's incompetent (by videotape at his home) have all agreed to appear at

---

1. It is not known whether service of process has been effected on this defendant.

2. Plaintiff has stated that she has obtained the hospital and medical records and is will-

ing to make them available to defendant. Plaintiff also claims that, when last known, the equipment was in its possession in California.

depositions presently scheduled in Harrisburg.

Finally, apart from its being the situs of the incident, the Middle District bears no special relationship to the defendants. Since neither is registered to engage in business in Pennsylvania, there are no business records or personnel located there. The defendants, who have the burden of proof, have not supported their motion to transfer with any affidavits, depositions, stipulations or other documents containing facts that would tend to establish the necessary elements for a transfer under § 1404(a).

For the foregoing reasons, defendant's motion to transfer will be denied.