**A. Reynolds GORDON, Trustee, Plaintiff,**

v.

**Arthur J. HOHMANN, J. Ross MacLennan, Arthur, Ross & Peters and AR&P LTD., Defendants.**

**No. 76 Civ. 4843.**

United States District Court, S. D. New York.

July 21, 1977.

Jonathan B. Altschuler, New York City, for plaintiff.

Raymond F. Gregory, New York City, Liddell, Sapp, Zivley & Brown, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

IRVING BEN COOPER, District Judge.

Defendants have moved under Rule 12(b)(3), Federal Rules of Civil Procedure, to dismiss plaintiff's action for improper venue; alternatively, pursuant to Title 28, Sections 1404(a) and 1406(a), they seek to transfer venue to the Southern District of Texas, Houston Division. We deny both motions.

We regard appropriate a brief recital of the relevant facts. The plaintiff, a Connecticut resident, has sued to recover $25,-000 he invested in or about November 1973 in a real estate limited partnership managed by the defendants. The complaint further alleges, which we accept as true for the purposes of this motion (see *Michaelson v. MacLennan et al.*, 75 Civ. 3017 (S.D.N.Y. 1976), that the defendants, Arthur J. Hohmann, Arthur, Ross & Peters (a partnership) and its subsidiary AR&P Ltd., maintained during all pertinent times an office at 230 Park Avenue, New York City (in this district), and that defendant J. Ross MacLennan (a partner of Arthur, Ross & Peters) resided within this district.

In the summer of 1973, plaintiff was solicited by the defendants, particularly defendant Hohmann, to invest in a limited partnership involving the construction of an apartment complex in Texas. Plaintiff was telephoned frequently and received considerable financial and other material from defendants' Park Avenue Office. All the literature was signed by defendant and general partner Hohmann.

Plaintiff claims he was fraudulently induced by the defendants to invest in their partnership; that they breached their contractual fiduciary duties owed him; that they violated 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b–5 promulgated by the SEC (17 CFR 240.10b–5); and, finally, that defendants violated Sections 12(2) and 17(a) of the Securities Act of 1933 (15 U.S.C. §§ 77*l*(2) and 77q(a)).

At issue is whether venue correctly lies in the Southern District of New York. Section 27 of the Securities Exchange Act of 1934 (15 U.S.C. § 78aa) states in relevant part that:

Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder may be brought in any such district wherein the defendant is found or is an inhabitant or transacts business . . . . .

Section 22 of the Securities Act of 1933 (15 U.S.C. § 77v) similarly provides that suits or actions may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer and sale took place if the defendant participated therein. Venue properly laid for a claim arising under either the Securities Act of 1933 or the Securities Exchange Act of 1934 is satisfactorily established for a claim under both Acts. *Securities and Exchange Commission v. National Student Marketing*, 360 F.Supp. 284, 291 (S.D.N.Y.1973); *Zorn v. Anderson*, 263 F.Supp. 745, 756 (S.D.N.Y.1966).

We find that the defendant partnership, Arthur, Ross & Peters, the defendant Arthur J. Hohmann and the defendant subsidiary AR&P Ltd., were transacting business within this district and that under the Securities Acts venue is proper for bringing these actions in the Southern District of New York. *Burkhart v. Allson Realty Trust*, 363 F.Supp. 1286 (N.D.Ill.1973); *Birdman v. Electro-Catheter Corp.*, 352 F.Supp. 1271 (D.C.Pa.1973). Venue is also proper as to defendant J. Ross MacLennan as he is, by defendants' concession, an inhabitant of this district.

It is unrefuted that the defendants maintained an office in this district and a telephone at that location for the purpose of advancing the business interests of the partnership of Arthur, Ross & Peters and of its subsidiary AR&P. The defendants mailed to the plaintiff from their Park Avenue office all the literature, documentation and financial reports which ultimately induced the plaintiff to invest in the defendants' real estate venture. Furthermore, defendants freely referred to their Park Avenue address as the address for contacting them regarding investment in the above venture. Finally, the papers setting up AR&P Ltd. were executed in this district (Gordon's *Affidavit*, Exhibit G). As venue is proper for the claims alleged pursuant to the Securities Act of 1933 and the Securities Exchange Act of 1934, venue is also proper for the common law claims advanced by the plaintiffs. *In re Penn Central Securities Litigation*, 338 F.Supp. 438, 439 (E.D. Pa.1972); *Zorn v. Anderson, supra*, at 747.

Defendants also maintain that in the interest of justice and convenience to the parties and witnesses, this matter should be transferred to the Southern District of Texas pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). The plaintiff does not dispute that his action could have been originally brought in the proposed forum. *Schneider v. Sears*, 265 F.Supp. 257, 261 (S.D.N.Y. 1967). However, we find that the interests of justice and the conveniences of the parties and witnesses would be, on balance, retarded and not advanced were this action transferred to Texas.

Sections 1404(a) and 1406(a) do not require that venue be changed upon the defendant merely showing inconvenience. The plaintiff's choice of forum will not be disturbed " . . . unless . . . heavily in favor of the defendant . . ." *Securities and Exchange Commission v. Harwyn Publishing Co.*, 232 F.Supp. 274, 277 (S.D.N.Y.1964); *National Tea Co. v. The Marseille*, 142 F.Supp. 415 (S.D.N.Y. 1956). Defendants have not met that burden.

Defendants argue in general terms that the "vast majority" of the parties and nonparty witnesses which could potentially be called in this case reside in or near the Southern District of Texas. Further, defendants assert that the documents and records pertinent to this case, which they state are voluminous, are located in the proposed district. Additionally, the defendants state that they have filed suit in Texas upon allegations involving many of the same is-

sues raised by the plaintiff in this litigation. However, looming large in our consideration of this issue was the decision of the defendants to transact business in this district; that their transaction of business was neither fleeting nor insignificant, it was substantial and of long duration; that the operative facts of plaintiff's cause of action accrued either in this district or nearby; that defendant MacLennan is a resident of this district; and, finally, the plaintiff would be severely inconvenienced by the proposed venue change:

> Defendant urges that the action be transferred to the Southern District of Texas based on inconvenience to himself. 28 U.S.C. § 1404(a). While it may well be a burden for a man with defendant's busy schedule to litigate an action within this district, the uncontroverted fact remains that he chose the district as a convenient location to transact business with the plaintiffs. He cannot therefore be heard to say that, in the interest of justice, venue should be changed. [*Wahl v. Foreman*, 398 F.Supp. 526 (S.D.N.Y.1975)]

As to defendant's position concerning documents: as required they can be duplicated and forwarded to New York. *Michaelson v. MacLennan, supra.*

For the foregoing reasons, we deny defendants' motion to dismiss for improper venue and, in the alternative, their motion to transfer venue.

This shall be considered an order; settlement thereof is unnecessary.

SO ORDERED: