## CRONEY v. LOUISVILLE & NASHVILLE R. CO.

United States District Court
S. D. New York.

Jan. 21, 1953.

Bleakley, Platt, Gilchrist & Walker, New York City, for defendant.

Myer Meltsner, New York City, for plaintiff.

SUGARMAN, District Judge.

In an action for the wrongful death of plaintiff's testator, the defendant moves, under F.R.Civ.P. 12(d), 28 U.S.C.A., for a hearing before trial, of an issue asserted to be raised by the pleadings, i. e., whether the defendant is doing business within this jurisdiction sufficient to be amenable to service of process and, upon such hearing, for dismissal of the complaint for lack of jurisdiction of the person of the defendant. This motion is made after the statute of limitations has run against plaintiff's cause of action.

The defendant contends that lack of jurisdiction over its person is raised by certain allegations of the complaint [1] when

---

1. "Plaintiff * * * alleges * * * Second: Upon information and belief that at all of the times hereinafter mentioned, the defendant was and still is a foreign corporation, duly organized and existing under and by virtue of the laws of a State within the United States and permitted to do business in the State of New York * * *.

"Fourth: Upon information and belief this defendant maintains property or has an office within the City of New York

read with certain denials in the answer.[2]

■ All that is required by the rule [3] is that the complaint set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends". Anything beyond that is mere surplusage. Jurisdictional allegations in a case such as this are confined to diversity and amount.[4] Allegations of venue are not required in a complaint.[5] The admission by defendant in paragraph "2." of its answer that "it is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Kentucky" in answer to the allegation in paragraph "Second" of the complaint that defendant "is a foreign corporation" sufficiently advises of the defendant's citizenship. The complaint, however, fails to categorically allege that plaintiff is a citizen of any state. It alleges in paragraph "First" that the plaintiff was appointed executor of decedent by the Surrogate of New York County and in paragraph "Fifth" that he "is a resident of the Borough of Manhattan, City of New York". These allegations, while falling short of compliance with the requirement of alleging citizenship, are not fatal.[6]

■ Accordingly, diversity and amount being alleged, surplus allegations addressed to venue may be disregarded even though denied in the answer.

Thus, defendant's argument that its denial of allegations of venue are sufficient to entitle it to a hearing addressed to a dismissal of the complaint for lack of jurisdiction of defendant's person must be rejected.

■■ That a court lacks jurisdiction of the person of a defendant arises under the venue statute [7] and is "an affirmative dilatory defense".[8]

Such affirmative defense must be asserted either by pleading or by motion before pleading.[9] Such motion was admittedly not made and therefore this defense must be found in defendant's answer or it is waived.[10] It cannot be supplied by merely denying surplusage in the complaint.

An examination of the filed answer shows that the only defense pleaded is a "First, separate, independent and complete defense * * *" of contributory negligence.

■ The rule [11] provides that "A party shall state in short and plain terms his defenses to each claim asserted * * *." Nowhere in the answer can there be found a statement in "short and plain terms" asserting the defense of lack of jurisdiction over the person. In fact no such defense appears at all. Its absence constitutes a waiver of the defense by the defendant [12] and it avails the defendant nothing to attempt to escape that result by moving be-

---

[note] and more particularly within the jurisdiction of this Court."

**2.** "The defendant * * * 2. Denies that it has any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 'Second' of the complaint herein, except that it admits it is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Kentucky * * *.

"4. Denies that it has any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 'Fourth' of the complaint herein, except that it admits it has an office within the City of New York and within the Southern District of New York."

**3.** F.R.Civ.P. 8(a) (1).

**4.** 28 U.S.C.A. § 1332(a) (1); 17 Fed.

Rules Serv. 186, Appendix of Forms, Form 2(a); Moore's Fed.Prac., 1st Ed., Vol. 4, 47, Form 8.07.

**5.** Moore's Fed.Prac., 2nd Ed., Vol. 2, 1628, par. 8.08.

**6.** Moore's Fed.Prac., 2nd Ed., Vol. 2, 1636, par. 8.10, note 13 and 1951 Supp. 91, note 13.

**7.** 28 U.S.C.A. § 1391(c).

**8.** Fed.Rules Civ.Proc., Appendix of Forms, Form 2(a), note 3; Moore's Fed.Prac., 1st Ed., Vol. 4, 47, Form 8.07, note d; Moore's Fed.Prac., 2nd Ed., Vol. 2, 1628, par. 8.08.

**9.** F.R.Civ.P. 12(b).

**10.** F.R.Civ.P. 12(h); Moore's Fed.Prac., 2nd Ed., Vol. 2, 1628, par. 8.08.

**11.** F.R.Civ.P. 8(b).

**12.** F.R.Civ.P. 12(h).

latedly for a preliminary hearing on denials in its answer; the present posture of the pleadings presents no defense on which a preliminary hearing and determination may be had.

This conclusion in no way conflicts with a decision of this court [13] and one of the New York Supreme Court,[14] each upon virtually identical facts with those here presented, upon which defendant heavily relies. An examination of the file in each of those cases discloses that the defense of lack of jurisdiction of the person was not waived because it was brought on by motion to dismiss before an answer was filed and in fact the defendant's success in procuring dismissal precluded the filing of any answer. The practice employed in those cases properly and timely raised the issue of lack of jurisdiction of defendant's person so that plaintiff was able, if he so chose, after the dismissal, to commence anew in a proper jurisdiction before his cause was barred by the statute of limitations.

Here, no motion was made and no defense set forth in the answer filed. Hence the defense was waived and defendant's motion to hear and determine it preliminary to a trial is denied.

Settle order.

13. Smith v. Louisville & N. R. Co., D.C. S.D.N.Y. 1950, 90 F.Supp. 189.

14. Worthy v. Louisville & N. R. Co., Sup., 79 N.Y.S.2d 588, affirmed, 276 App. Div. 1068, 96 N.Y.S.2d 489, case 4.