Appropriate orders will be entered in each case.

We are authorized to say that all of the Judges of this Court agree with the principles stated in this opinion.

**Stanley M. LINCHUCK, Plaintiff,**

v.

**Sol COOPER et al., Defendants.**

**No. 66 Civ. 3811.**

United States District Court
S. D. New York.

Sept. 14, 1967.

Sidney B. Silverman, New York City, for plaintiff.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendants.

Spear & Hill, New York City, for defendant Tabb & Co.

## OPINION

TYLER, District Judge.

In this class action, plaintiff, a holder of one hundred common shares of defendant Pat Fashions Industries, Inc. (the "corporation" or "Pat Fashions") sues, pursuant to Section 11(a) of the Securities Act of 1933 (15 U.S.C. § 77k), the corporation, several of its officers and/or directors, its accountants and several underwriting firms for damages and costs allegedly resulting from stock purchases made in reliance upon a false and misleading registration statement which became effective on April 20, 1966.

Plaintiff contends that the registration statement was false and misleading "in that it omitted to state material facts required to be stated in order to make statements contained therein not misleading." More specifically, he asserts that at the time the statement became effective, the

company and the other defendants, by an analysis of both past performance and available projections, knew or should have known that the corporation's profits would decline sharply in the near future but failed to disclose the likelihood of the decline in the registration statement.

Defendants have now moved for the posting of security pursuant to Section 11(e) of the 1933 Act (15 U.S.C. § 77k (e)), which provides in relevant part, as follows:

"In any suit under this * * * section of this title the court may, in its discretion, require an undertaking for the payment of the costs of such suit, including reasonable attorney's fees * * *."

In actuality, two motions have been made although the same end result is sought. The first motion is jointly made by Pat Fashions, the officer and/or director defendants and the underwriters and seeks an undertaking of $50,000. The second motion is made solely by the defendant accounting firm Tabb & Company and seeks security of $15,000. Following a short discussion of the general, common questions here presented, these motions will, for disposition purposes, be treated separately.

The security for costs provision was inserted into Section 11(e) by way of a 1934 amendment, the purpose of which was to obstruct so-called "strike suits." See 3 Loss, Securities Regulation 1727 (2d ed. 1961). Professor Loss is of the opinion that, on the basis of admittedly limited experience, "the judicial attitude toward requiring plaintiffs to post security for costs * * * seems to be on the chary side." Id. at 1838. The reason for this is tentatively attributed by Professor Loss to the "readiness with which the plaintiff's motives are attacked, at least in the case of stockholders' suits." Id. at 1838–1839.

This court has advanced correlative reasons for being hesitant to require an undertaking in the early stage of a 1933

Act case. For instance, in Lerner v. Ripley Co., CCH Fed.Sec.L.Rep., '61–'64 Decisions, ¶ 91,249, at 94,127 (1963), Judge Metzner observed the following:

"A determination by a court in the initial stages of a litigation that a suit is without merit calls for a clairvoyance almost impossible to achieve under the federal rules. Secondly, this application is akin to a motion for summary judgment, in view of the relief requested, and summary judgment without completion of pretrial deposition-discovery procedures is not looked upon with favor."

An analysis of three recent cases in this district—i. e., New York Business Corp. v. Ross & Hirsch, CCH Fed.Sec.L. Rep., '64–'66 Decisions, ¶ 91,534 (1965); Lerner v. Ripley Co., supra; Dabney v. Alleghany Corp., 164 F.Supp. 28 (1958) —leads to the conclusion that the primary issue to be resolved is whether or not defendants have made a sufficient showing that plaintiffs have brought the action in bad faith or that the complaint, on its face, is without merit and thus unlikely to succeed.

This test should be applied to each of the two motions herein involved.

I.

The motion made by Pat Fashions and the various officer, director and underwriter defendants for an undertaking of $50,000 is denied.

While the issue is not free from doubt, I am unable to find that plaintiff's complaint is obviously without merit. This is so because in their motion papers defendants have not sufficiently established that they could not have foreseen the downturn in Pat Fashions' business which forms the basis for this action. Plaintiff has noted, correctly enough to my knowledge, that the garment industry is highly cyclical. Therefore, the financial statements upon which defendants rely to show that they did not know and could not have known that the corpora-

tion's earnings were in sharp decline standing alone do not destroy plaintiff's claim. At least on the present record, it can be questioned whether these statements were and are the only relevant indices for the period in question. The figures cited by defendants do show a favorable performance by the corporation for the months prior to and including April, 1966; from this, it does not necessarily follow that defendants could not or should not have foreseen difficulties for the immediate future by reason of their knowledge of the garment industry in general and Pat Fashions' operations and prospects in particular. Accordingly, I am constrained to assume that, on the basis of the present record, plaintiff may be able to make a meritorious case against the officer, director and underwriter defendants, or some of them.

At this point, another problem should be briefly noted and discussed. Plaintiff, who individually claims damages in the amount of $400, purports to sue as the sole representative of a class whose total damages are said to amount to approximately $750,000. Defendants understandably urge upon the court that this disparity alone requires a conclusion that this is a "strike suit" and that thus security should be required.

Although I recognize the problems created for defendants by this claim, I refuse to exercise my discretion to require an undertaking on this ground. I reach this conclusion because I am of the opinion that the prior analysis of plaintiff's claim shows that it is not brought with the "bad faith" usually associated with a strike suit. Moreover, I can find no case

authority for the proposition that a gross disparity between the representative plaintiff's investment or claimed loss and the total potential damages for the class is sufficient, standing alone, to support a finding of "bad faith" on plaintiff's part.[1]

II.

The motion of Tabb & Company presents different considerations and therefore warrants a different disposition.

It is uncontroverted that Tabb's only representations in the registration statement are found in the "Report of Independent Certified Public Accountant" in which Tabb rendered on opinion as to various financial statements which essentially purported to reflect the condition of the company as of November 30, 1965. Thus, for purposes of any claims made pursuant to Section 11 of the Securities Act of 1933, it is difficult to see how the accounting firm can be held liable for nondisclosure of the prospects for a financial downturn at a time subsequent to the effective date of the registration statement. Of course, other theories of recovery against Tabb & Company might have been pleaded and supported in opposition to this motion. See Fischer v. Kletz, 266 F.Supp. 180 (S.D.N.Y. (1967). As I read the papers, however, plaintiff so far has not spelled out any claim against Tabb & Company which seems likely to succeed.

Accordingly, the motion of Tabb & Company is granted to the extent that plaintiff is required to post $10,000 in security for Tabb's costs and attorney's fees.

---

1. In Dabney v. Alleghany Corp., 164 F. Supp. 28 (S.D.N.Y.1958), Judge Dawson required plaintiff to post a bond for $15,000. Although Dabney's claimed individual damages are not disclosed in the opinion, it appears that the market value of her stock was $800 but that the total damages sought for the class amounted to $5,000,000. 164 F.Supp. at

33. This disparity, however, was not the sole basis for Judge Dawson's requirement of security. The court also found that plaintiff was attempting to relitigate, among others, certain matters already determined adversely to her and that such previous proceedings had been expensive for defendants.

### III.

To recapitulate, the two motions in question are disposed of in the following manner:

(1) The motion of all defendants but Tabb is denied, and this memorandum stands as an order of such denial;

(2) Tabb's motion is granted to the extent that plaintiff must post $10,000 security in Tabb's favor. Tabb and plaintiff should settle an appropriate order on notice.