**Dean EMERSON, Jr., et al., Plaintiffs,**

v.

**FALCON MANUFACTURING, INC., et al., Defendants.**

**Civ. A. No. 71–H–832.**

United States District Court.
S. D. Texas,
Houston Division.

Oct. 5, 1971.

Ben H. Schleider, Jr., Houston, Tex., for plaintiffs.

David J. Nagle, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

NOEL, District Judge.

Three individuals and a corporation, all citizens of Texas, bring this action against four Kansas individuals, an Oklahoma individual, a Nebraska individual, and certain Kansas, Michigan and California corporations. In short plaintiffs allege that defendants sold all the outstanding stock of a manufacturing corporation to plaintiffs without disclosing the fact that the corporate assets had previously been encumbered to secure a substantial bank loan. Pleading several causes of action, plaintiffs allege that defendants' conduct constituted violations of the Securities Act of 1933, 15 U.S.C. § 77a et seq., the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., Rule 10b–5 of the Securities and Exchange Commission, 17 C.F.R. § 240.-10b–5, as well as certain securities laws of Kansas and Texas. It is also asserted that the defendants committed common law fraud, combined and conspired to defraud, tortiously interfered with plaintiffs' business relationships and destroyed plaintiffs' business reputations. The prayer is for rescission and, alternatively, for damages.

Defendants were served by extraterritorial service of process, as authorized by the federal securities statutes cited above. Prior to answer, certain of the

defendants have moved to dismiss under Rule 12(b), Fed.R.Civ.P., asserting that extraterritorial service is improper on the strength of the instant complaint, which, as noted above, alleges several causes of action in addition to those founded upon the federal securities statutes. In sum, it is defendants' contention that extraterritorial service of process is unavailable when federal and non-federal claims are joined in the complaint.

Rule 4(f), Fed.R.Civ.P., provides that "(a)ll process other than a subpoena may be served anywhere within the territorial limits of the state in which the district is held, and, *when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state.*" (emphasis added). Among the federal statutes authorizing extraterritorial service of process is the Securities Exchange Act of 1934, upon which plaintiffs rely. The jurisdiction, venue, and process section of this statute provides in part that:

> Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and *process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.*

15 U.S.C. § 78aa (emphasis added). Similarly, the Securities Act of 1933, upon which plaintiffs also rely, contains a special process provision codified at 15 U.S.C. § 77v(a). It is obvious, therefore, that extraterritorial service of process is proper in regard to the claims herein which are founded upon the federal securities laws.

It is equally beyond dispute that subject matter jurisdiction over a substantial federal claim empowers the Court to enforce such state created rights as may arise from the "common nucleus of operative facts." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933); Whirl v. Kern, 407 F.2d 781 (5th Cir. 1968), certiorari denied 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177 (1969).

The only question presented by the instant motion to dismiss is whether extraterritorial service of process obtained under the long arm of the federal securities statutes is sufficient to support in personam jurisdiction over defendants for the purpose of holding them to answer pendent nonfederal claims. The parties have cited and the Court has found no Fifth Circuit authority controlling the point. The question is troublesome and courts have held in the negative on the basis of respectable reasoning. Cf. Wilensky v. Standard Beryllium Corporation, 228 F.Supp. 703 (D. Mass.1964); International Ladies' Garment Workers' Union v. Shields & Co., 209 F.Supp. 145 (S.D.N.Y.1962); Lasch v. Antkies, 161 F.Supp. 851 (E.D.Pa. 1958). However, the more persuasive authority is to the contrary and compels the conclusion that personal service, once obtained under the extraterritorial provisions of the federal securities acts, confers personal jurisdiction sufficient to support adjudication of legitimate pendent claims as well.

In the recent case of Puma v. Marriott, 294 F.Supp. 1116 (D.Del.1969), plaintiffs sued the defendant corporation as well as several of its officers and directors, basing the claim on alleged violations of federal securities laws and alleged breaches of common law fiduciary obligations. Several of the defendants, having been served outside the forum state under the special process provision of the Securities Exchange Act of 1934, moved to dismiss for lack of personal jurisdiction. In a well reasoned opinion by Chief Judge Caleb Wright, it was held that extraterritorial service effected under the federal statute would sustain personal jurisdiction over defendants for the purpose of an-

swering the pendent nonfederal claims. As the Court stated:

Judicial economy and the convenience of the parties are best served by consideration of all legal theories arising from the single set of operative facts. Once those facts are legitimately before the Court, the entire case which they raise should be present for decision. The use of extraterritorial process, when sanctioned by law, in no way discounts the legitimacy of that presence.

294 F.Supp. at 1121. *Accord*: Lyons v. Marrud, Inc., 46 F.R.D. 451 (S.D.N.Y. 1968); Sprayregen v. Livingston Oil Company, 295 F.Supp. 1376 (S.D.N.Y. 1968); Kane v. Central American Mining & Oil, Inc., 235 F.Supp. 559 (S.D.N.Y.1964); Cooper v. North Jersey Trust Company, 226 F.Supp. 972 (S.D.N.Y. 1964); Schwartz v. Eaton, 264 F.2d 195 (2nd Cir. 1959) (dictum); Townsend Corp. v. Davidson, 222 F.Supp. 1 (D.N. J.1963). See also Note, 63 Columbia L. Rev. 762 (1963), analyzing Garment Workers' Union v. Shields, supra; 2 Moore's Federal Practice § 4.42(1), at 1293.11, wherein Professor Moore observes that "once a court has properly acquired jurisdiction over a person under such a [federal long arm] statute, issues which are ancillary or pendent to the claim which provided the statutory basis for service should be heard." This view is shared by Professor Wright. See 4 Wright & Miller, Federal Practice and Procedure § 1125, at 528 (1969); C. A. Wright, Law of Federal Courts § 9, at 21 (2nd ed. 1970). See generally Annot., Securities Acts—Service of Process, 8 A.L.R.Fed. 511, 523 (1971).

Following the preponderance of the modern authority, this Court is persuaded that the practical consideration of economic and expeditious judicial administration favors resolution in a single suit and forum of what is essentially a single factual claim. Accordingly, defendants' motion to dismiss shall be denied. In reaching this result, the Court holds only that extraterritorial service perfected under the federal securities acts is sufficient to require defendants to respond to both federal and nonfederal claims which are alleged to derive from a common nucleus of operative fact. Whether pendent subject matter jurisdiction over the nonfederal claims should ultimately be exercised remains an open question throughout the litigation, and might not finally be resolved until after such factual development as only a trial on the merits can afford. See United Mine Workers v. Gibbs, supra, 383 U.S. at 727, 86 S.Ct. 1130.

Defendants' motion to dismiss is denied.