KLEPPER KROP, INC., a Nebraska Corporation, et al., Plaintiffs,

v.

Robert P. HANFORD et al., Defendants.

Civ. No. 75–0–224.

United States District Court, D. Nebraska.

March 30, 1976.

---

Dirk W. DeRoos, Omaha, Neb., for plaintiffs.

Robert J. Banta, Omaha, Neb., for defendants Hanfords and Dalco Petroleum.

C. L. Robinson, Omaha, Neb., Ronald A. Skoller, Tulsa, Okl., for defendant Tarbel.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court upon the motion of defendant, Brook Tarbel, to dismiss or to transfer to the Northern District of Oklahoma, and the following motions of defendants, Robert P. Hanford, Velma Hanford and Dalco Petroleum, Inc.:

(1) Motion to dismiss;

(2) Motion to strike or in the alternative for a more definite statement; and

(3) Motion to require plaintiffs to post security for costs.

Plaintiffs, Klepper Krop, Inc. and Kenneth E. Klepper, instituted this action on June 12, 1975, against numerous named and unnamed defendants, alleging violation of certain provisions of State and Federal securities law, as well as breach of contract and common law fraud. Jurisdiction of the Court is invoked pursuant to 15 U.S.C. §§ 77*l*(2) and 77q(a) of the Securities Act of 1933, as amended; 15 U.S.C. § 78j(b) of the Securities Exchange Act of 1934, as amended; Rule 10(b)–5 [17 C.F.R. 240.-10b–5] of the Securities and Exchange Commission under the Securities Act of 1934, as amended; and 15 U.S.C. § 77v of the Securities Act of 1933, as amended.

A brief summary of plaintiffs' eighteen count, thirty-five page complaint reveals the following allegations of facts relevant to the pending motions. Plaintiff, Klepper Krop, Inc., is a Nebraska corporation. Klepper Krop, Inc. and plaintiff Kenneth E. Klepper are holders of commodity futures options investment contracts and other securities issued and sold by corporations owned or controlled by defendants. Defendants, Robert P. Hanford, Brook Tarbel, Marcus P. Mears, Ronald Wayne Acker, Lloyd W. Barnes, Velma Hanford, Carol C. Acker and Suzan W. Mears, were directors, officers and/or controlling persons of Financial General Corporation (hereinafter referred to as FGC), a now defunct Oklahoma corporation, and/or certain affiliated corporations now defunct. Defendant, Dalco Petroleum, Inc. (hereinafter referred to as Dalco), is an Oklahoma corporation and was a controlling shareholder of FGC.

Both plaintiffs seek to recover amounts to which they and their assigns would have been entitled under the terms of the commodity futures options investment contracts if the option holders had been permitted to exercise them at the most favorable point in time after defendants caused FGC to abandon its offices and disconnect its telephones. Plaintiff, Klepper Krop, Inc., seeks a return of all consideration paid by it for the purchase of common stock of FGC totalling $45,000.00. Plaintiff, Kenneth Klepper, seeks to recover from defendants amounts paid for commodity futures options investment contracts which total a minimum of $185,000.00 and seeks a return of all consideration paid by him for common stock of Commtrade of Nebraska, Inc., an affiliated corporation of FGC, totalling $20,000.00. Plaintiffs seek recovery upon the following causes of action: (1) Violations of the anti-fraud provisions of the Securities Act of 1933, the Securities Exchange Act of 1934, and Rule 10b–5 of the Securities and Exchange Commission under the Securities Exchange Act of 1934; (2) Violations of the registration provisions of the Securities Act of 1933; (3) Violations of the anti-fraud provisions of the State Securities Law, Neb.Rev.Stat. §§ 8–1101 *et seq.* (1974); (4) Violations of the registration provisions of the State Securities Law, Neb.Rev.Stat. § 8–1101, *et seq.*

(1974); (5) Breach of contract; and (6) Tort claims of fraud and deceit.

Oral argument was heard before the Court on the respective motions November 21, 1975. The Court thereafter allowed the parties sufficient time to pursue discovery related to the pending motions.

## I. MOTIONS TO DISMISS

### A. Personal Jurisdiction.

15 U.S.C. § 77v(a), Section 22 of the Securities Act of 1933, provides that "process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found."

Defendants' assertion that the Court lacks personal jurisdiction because of lack of sufficient Nebraska contacts is without basis in law. As Judge Bechtle stated in *Kramer v. Scientific Control Corp.,* 365 F.Supp. 780, 787 (E.D.Pa. 1973):

> [I]t must be remembered that the United States is one jurisdictional area, even though it may be divided into 50 states and numerous judicial districts. Congress does not have to resort to the concept of a "long-arm" statute which brings into play considerations of "presence" or "minimum contacts" when the issue of eligibility to be served by state process is a question in a litigation. Rather, Congress has the power to provide for the reach of service of process to the outer limits of the reach of its legislative power which, of course, is anywhere in the United States or its territories. *Mississippi Pub. Corp. v. Murphree,* 326 U.S. 438, 442, 66 S.Ct. 242, 245, 90 L.Ed. 185 (1946). If suit under the Federal securities anti-fraud acts and rules thereunder is brought in a Federal court, the purchaser has the privilege of nationwide service of process. *Wilko v. Swan,* 346 U.S. 427, 431, 74 S.Ct. 182, 185, 98 L.Ed. 168 (1953). The issue here is not one of constitutional due process but one of compliance with the statute and the Federal

Rules of Civil Procedure. *Robinson, et al. v. Penn Central Co., et al.,* 484 F.2d 553 (3rd Cir. 1973); *Gottlieb v. Sandia American Corporation,* 452 F.2d 510, 513 (3rd Cir. 1971).

*See also Burkhart v. Allson Realty Trust,* 363 F.Supp. 1286 (N.D.Ill.1973), and *Dyer v. Eastern Trust and Banking Co.,* 336 F.Supp. 890 (D.Me.1971).

Defendants Tarbel's and Dalco Petroleum's further objections based upon the absence of their acts in this district in furtherance of the scheme shall be discussed under the ruling upon venue.

■ In addition to the purely federal causes of action arising under the federal security statutes, plaintiffs have invoked the pendent jurisdiction of this Court by joining causes of action arising under state law. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Following the decision of the Supreme Court in *Gibbs,* a number of courts have considered the issue of whether extraterritorial service may be effective to confer in personam jurisdiction for pendent state law claims. The authorities which have considered the issue are split. *See, e. g., Emerson v. Falcon Manufacturing, Inc.,* 333 F.Supp. 888, 889–890 (S.D.Tex.1971) and *Barrow v. Faulkner,* 327 F.Supp. 1190 (N.D.Okl.1971). Defendants place primary reliance upon *Hymer v. Chai,* 407 F.2d 136 (9th Cir. 1969), wherein the Ninth Circuit refused to permit joinder of a pendent plaintiff.

In *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973), the Supreme Court discussed the doctrine of federal jurisdiction over pendent parties but determined not to resolve the issue. The Court stated:

> *Hymer v. Chai, supra* stands virtually alone against this post-*Gibbs* trend in the court of appeals, and significantly *Hymer* was largely based on the Court of Appeals' earlier decision in *Kataoka v. May Department Stores Co.,* 115 F.2d 521 (CA9 1940), a decision which predated *Gibbs* . . . . (Footnote omitted). 411 U.S. at 713–714, 93 S.Ct. at 1798, 36 L.Ed.2d at 612.

This Court, being bound by Eighth Circuit precedent, must decline to follow the Ninth Circuit. In *Hatridge v. Aetna Casualty & Surety Company*, 415 F.2d 809 (8th Cir. 1969), the Court rejected the reasoning in *Hymer*.

The Ninth Circuit decision hangs upon a case decided 29 years ago, long prior to *Gibbs* but subsequent to *Hurn v. Oursler*, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), where the doctrine of pendent jurisdiction, although not referred to by that name, was given some vitality. . . .

In any event, we find ourselves in sympathy with the Third Circuit approach for appropriate cases. It makes good sense; it avoids forum shopping and multiple actions; it tends to reduce costs for litigants; and it avoids the waste of already heavily burdened judicial time. *Id.* at 817.

"Once the defendant is before the court, it matters little, from the point of view of procedural due process, that he has become subject to the court's ultimate judgment as a result of territorial or extraterritorial process." *Robinson v. Penn Central Co.*, 484 F.2d 553, 555 (3rd Cir. 1973). *See also Kramer v. Scientific Control Corp., supra; Emerson v. Falcon Manufacturing, Inc., supra.* In this case, weighing the considerations of judicial economy, convenience and fairness, the Court shall require defendants to respond to the pendent claims, although the Court remains free throughout the litigation to dismiss such claims if that seems the fairer course. *United Mine Workers v. Gibbs*, 383 U.S. at 727, 86 S.Ct. at 1139, 16 L.Ed.2d at 228.

**B. Venue.**

█ 15 U.S.C. § 77v(a), Section 22 of the Securities Act of 1933, provides in relevant part that "[a]ny such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein . . . ." Although plaintiffs have not alleged venue in their complaint, contrary to defendants' assertions, venue is an affirmative defense which need not be included in plaintiffs' complaint. *See Ripperger v. A. C. Allyn & Co.*, 113 F.2d 332 (2nd Cir.), *cert. denied*, 311 U.S. 695, 61 S.Ct. 136, 85 L.Ed. 450 (1940); *Croney v. Louisville & N. R. Co.*, 14 F.R.D. 356 (S.D.N.Y.1953).

█ Dalco Petroleum, Inc., relying upon *Keene v. Weber*, 394 F.Supp. 787 (S.D.N.Y.1975), asserts that it has performed no acts either in or outside Nebraska in connection with any of the transactions at issue and that it has no relationship with any of the defendants who did participate in the transactions in Nebraska. The court in *Keene v. Weber, supra,* held:

> [V]enue and jurisdiction over the person of all the *knowing participants* in an alleged fraudulent scheme are proper under the federal securities laws as long as one of the participants commits an act in furtherance of the scheme in the forum district. 394 F.Supp. at 790.

In requiring "knowing participation" for proper venue, *Keene v. Weber, supra,* appears to stand alone. The "co-conspirator" theory of venue provides that if proper venue is established for any of the defendants in a multi-defendant securities proceeding, where a common scheme of acts or transactions violating the securities acts is alleged, there is sufficient justification to establish venue as to the other defendants, even in the absence of any contact or substantial contact by any one defendant within the forum district. *Wyndham Associates v. Bintliff*, 398 F.2d 614 (2d Cir.), *cert. denied*, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968); *Zorn v. Anderson*, 263 F.Supp. 745 (S.D.N.Y.1966). Furthermore, venue under 15 U.S.C. § 78aa, Section 27 of the Securities Exchange Act of 1934, is proper in any district "wherein any act or transaction constituting the violation occurred . . . or in the district wherein the defendant is found or is an inhabitant or transacts business . . . ." Under Section 27, the "participation" requirement of the

venue provision of § 22(a) need not be met, and venue properly laid for claims arising under either of the securities acts satisfactorily establishes venue for those arising under the other. *See Zorn v. Anderson, supra,* at 747–748.

## C. Controlling Persons.

■ Plaintiffs allege that defendants Dalco and Tarbel are "controlling persons" as defined by the Securities Exchange Act of 1934, 15 U.S.C. § 78t, Rule 10b–5, of the Securities and Exchange Commission, 17 C.F.R. § 240, 10–5 and the Securities Exchange Act of 1933, 15 U.S.C. § 77a, *et seq.* Defendants Dalco and Tarbel have submitted motions to dismiss for lack of personal jurisdiction, asserting that the discovery has revealed no evidence indicating they were controlling persons. Since the Court has personal jurisdiction over these defendants, the question as to "controlling parties" should be raised by a subsequent motion for summary judgment, in the event that the pleadings, depositions, answers to interrogatories, etc., show that there is no issue as to any material fact and that defendants are entitled to judgment as a matter of law. *See* Rule 56, Fed.R. Civ.P.

## D. Failure to state a claim upon which relief can be granted.

■■ Defendants contend that plaintiffs have not alleged sufficient facts to state a claim under the federal securities laws and that they have not specified the particular defendants who participated in specified violations. Motions to dismiss for failure to state a claim upon which relief can be granted are not favored. Plaintiffs have more than adequately complied with Rules 8(a)(2) and 9(b), Fed.R.Civ.P. Although the complaint could certainly be more "simple, concise and direct" as required by Rule 8(e)(1), this is not a fatal defect. The primary function of the Federal Rules is to give fair notice of the claim asserted so as to enable the defendant to answer and prepare for trial. Judicial economy would best be served if defendants seek the facts they desire through discovery.

*See Burkhart v. Allison Realty Trust, supra.* For the same reasons, the Court shall deny the motions for more definite statements and motions to strike the complaint.

## II. MOTION TO TRANSFER THIS ACTION

■ Defendant Tarbel has submitted a motion to transfer this action to the Northern District of Oklahoma pursuant to 28 U.S.C. § 1404(a). A motion for change of venue is addressed to the Court's discretion. The applicable criteria include convenience to witnesses and to parties, ease of access to sources of proof, and the availability of process to compel witnesses to appear. Defendants' allegations that plaintiff, Klepper Krop, Inc., is a large corporation and far better equipped to absorb the expenses and inconvenience of extended litigation outside its home district clearly fails to meet its burden. *See generally Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

## III. MOTION TO REQUIRE PLAINTIFFS TO POST SECURITY

Defendants Hanfords and Dalco have submitted motions pursuant to 15 U.S.C. § 77k(e) of the Securities Act of 1933 for an order requiring plaintiffs to post security for costs. 15 U.S.C. § 77k(e) provides in relevant part:

In any suit under this or any other section of this subchapter the court may, in its discretion, require an undertaking for the payment of the costs of such suit, including reasonable attorney's fees . . . .

■ In determining whether to require plaintiffs to post security for costs, defendants bear the burden of showing that plaintiff has instituted the action in bad faith or that the suit is without merit and unlikely to succeed. *Linchuck v. Cooper,* 43 F.R.D. 382 (S.D. N.Y.1967). The Court finds that on May 27, 1975, the Securities and Exchange Commission instituted an action against Financial Credit Corporation, Commtrade

of Nebraska, Inc., Ronald W. Acker, Lloyd E. Barnes, Robert P. Hanford, Marcus P. Mears and other named defendants. *Securities and Exchange Commission v. American Commodity Exchange, Inc.,* Civ. 75–0436–C (W.D.Okl. May 27, 1975). Accordingly, the Court shall deny defendants' motion for security undertaking.

For the aforementioned reasons,

IT IS HEREBY ORDERED that defendants' motions to dismiss, motions to strike, motions for a more definite statement, motion to transfer, and motion to post security bond are denied.

IT IS FURTHER ORDERED that defendant Brook Tarbel's demand for an evidentiary hearing is denied. Defendant's proper recourse is to pursue discovery and to submit a motion for summary judgment upon the question of "controlling person."

IT IS FURTHER ORDERED that defendant, Brook Tarbel, pursuant to his request, has not waived his right to submit a future motion raising additional defenses. However, in accordance with Rule 12(a), Fed.R.Civ.P., defendants shall submit an answer to the complaint within ten (10) days from the date hereof, in the interests of preventing further delay in this matter.