ALCO FINANCIAL SERVICES,
INC., Plaintiff,

v.

TREASURE ISLAND MOTOR INN, INC.,
d/b/a Travelodge, John M. Dickey,
Comfort Control Cooling & Heating,
Inc., Floyd B. Baker, Carrier Corp., and
Fedders Corp., Defendants.

No. 76 C 4403.

United States District Court,
N. D. Illinois, E. D.

June 26, 1979.

Howard D. Hollander, Robert A. Handelsman, Chicago, Ill., for plaintiff.

John L. Conlon and Peter Lovato, III, Hopkins, Sutter, Mulroy, Davis & Cromartie, Chicago, Ill., Louis Pitcher, Madeira Beach, Fla., Fred R. Kimmel and George L. Siegel, Arvey, Hodes, Costello & Burman, Larry Selander, Keck, Cushman, Mahin & Cate, Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

Alco Financial Services, Inc. (Alco) brought this action under 28 U.S.C. § 1332 against six defendants seeking $108,547.85 in damages for rent due on the lease of certain personal property to plaintiff. Defendant Carrier Corp. (Carrier) and defendant Fedders Corp. (Fedders) have each moved to dismiss the complaint as to it.

I

The Carrier motion presents the issue of the propriety of pendent party jurisdiction.[1] Complete diversity exists among the parties and each of the claims against five defendants is in excess of $10,000. However, the claim against Carrier only alleges $8,918 in damages.[2]

Carrier initially moved to dismiss the action against it for failure to state a claim upon which relief can be granted. Fed.R. Civ.P. Rule 12(b)(6). On an amendment to its motion, defendant now argues that this Court lacks jurisdiction over plaintiff's claim against it. Accordingly, this matter will be treated as a Rule 12(b)(1) motion.

The question of the existence of pendent party jurisdiction in a case in which the anchor claim is based on diversity jurisdiction has not been squarely decided by the Supreme Court. However, we grant Carrier's motion on the rationale of *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) and *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976).

Alco urges that the test for pendent jurisdiction established in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), should be controlling here.[3] However, *Owen* and *Aldinger* clearly state that an inquiry beyond that of the *Gibbs* test is necessary when a pendent party, as opposed to a pendent claim, is joined in a suit.

The *Owen* Court stated:

*A finding that federal and nonfederal claims arise from a "common nucleus of operative fact," the test of Gibbs, does not end the inquiry into whether a federal court has power to hear the nonfederal claims along with the federal ones. Beyond this constitutional minimum, there must be an examination of the posture in which the nonfederal claim is asserted and of the specific statute that confers jurisdiction over the federal claim, in order to determine whether "Congress in [that statute] has . . . expressly or by implication negated" the exercise of jurisdiction over the particular nonfederal claim. Aldinger v. Howard, supra, 427 U.S. at 18, 96 S.Ct. [2413], at 2422. Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274, 281 (1976).

In *Aldinger,* the Court held that a federal court lacks jurisdiction over a state law claim against a county. It first noted that Congress had excluded counties from liability in 42 U.S.C. § 1983. Then the Court reasoned that Congress had also negated

1. A pendent party was defined by the Supreme Court as "a party which is implicated in the litigation only with respect to the pendent state law claim and not also with respect to any claim as to which there is an independent basis of federal jurisdiction." *Moor v. County of Almeda,* 411 U.S. 693, 713, 93 S.Ct. 1785, 1797, 36 L.Ed.2d 596 (1973).

2. Carrier is being sued as the principal of defendant Comfort Control Cooling & Heating, Inc. (Comfort). Alco has two claims against Comfort, one for $13,550 and one for $8,918. However, plaintiff alleges that Comfort was the agent of Carrier only when the alleged $8,918 loss was incurred.

3. Several post-*Gibbs* cases which adopted the pendent party theory are cited by plaintiff, but each predates *Owen* and *Aldinger. Niebuhr v. State Farm Mutual Automobile Insurance Co.,* 486 F.2d 618 (10th Cir., 1973); *Leather's Best, Inc. v. S. S. Mormaclynx,* 451 F.2d 800 (2d Cir., 1971); *Astor-Honor, Inc. v. Grosset and Dunlap, Inc.,* 441 F.2d 627 (2d Cir., 1971); *Beautytuft, Inc. v. Factory Insurance Assoc.,* 431 F.2d 1122 (6th Cir., 1970); *Stiles Contracting Co. v. Home Insurance Co.,* 431 F.2d 917 (6th Cir., 1970); *Stone v. Stone,* 405 F.2d 94 (4th Cir., 1968); *Connecticut General Life Insurance Co. v. Craton,* 405 F.2d 41 (5th Cir., 1968); *Jacobson v. Atlantic City Hospital,* 392 F.2d 149 (3rd Cir., 1968).

jurisdictional power over them under 28 U.S.C. § 1343(3).[4]

In *Owen,* the original claim was based on federal diversity jurisdiction. The plaintiff subsequently amended her complaint to make a state law claim against a party which had been impleaded as a third-party defendant. However, that party was of the same citizenship as plaintiff. The Court held that federal jurisdiction was lacking because § 1332 requires complete diversity of citizenship. The statute granting jurisdiction, thus, had negated any constitutional power over the case.

■ Jurisdiction in this action is also based on diversity, but Carrier must be considered a pendent party because the state law claim against it is less than $10,000. Assuming this Court has power to hear the entire "case" under the *Gibbs* test, we must still determine whether Congress has negated that power as to Carrier in its grant of jurisdiction in § 1332. We conclude that it has. In addition to requiring complete diversity, § 1332 has also consistently been held to require that each claim independently satisfy the minimum jurisdictional amount of $10,000. *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973); *Motorists Mutual Ins. Co. v. Simpson,* 404 F.2d 511 (7th Cir., 1968), *cert. denied,* 394 U.S. 988, 89 S.Ct. 1470, 22 L.Ed.2d 763 (1969). Since that amount is not met here, this Court lacks jurisdiction over plaintiff's claim against Carrier and defendant's motion is granted.

## II

■ Defendant Fedders argues that the complaint against it (Count VIII of the amended complaint) should be dismissed for failure to state a cause of action for fraud with the precision required by Federal Rules of Civil Procedure 9(b). Rule 9(b) requires that all allegations of fraud be stated with particularity, but this requirement is met if the complaint provides a "brief sketch of how the fraudulent scheme operated, when and where it occurred and the participants." *Tomera v. Galt,* 511 F.2d 504, 509 (7th Cir., 1977).

■ Although Count VIII might have been drafted more precisely, we find that it supplies Fedders with sufficient information with which to frame a responsive pleading under the *Tomera* standard. Count VIII alleges that Fedders misrepresented to plaintiff that it owned or had lien rights in an air conditioning unit; that Fedders knew or should have known that the unit had already been sold to another party; that plaintiff relied on Fedders' representation and issued a check to Fedders and defendant Comfort Control Cooling & Heating, Inc. (Comfort) to purchase the unit; that the check was endorsed and the proceeds retained by Fedders and Comfort; and that plaintiff has been injured because Comfort and Fedders could not transfer title to the unit to plaintiff.

■ These allegations clearly present the time, place, participant and plot requirements of Rule 9(b). Furthermore, the complaint states a sufficient cause of action for fraud under Illinois law. *Roman v. Delta Air Lines, Inc.,* 441 F.Supp. 1160, 1167 (N.D. Ill.1977); *Steinberg v. Chicago Medical School,* 69 Ill.2d 320, 332–33, 13 Ill.Dec. 699, 706, 371 N.E.2d 634, 641 (1977). Therefore, Fedders' motion to dismiss the complaint as to it is denied.

---

**4.** Plaintiff claims that the recent case of *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), "vitiates" the holding in *Aldinger.* Apparently the same argument was made in *Owen.* That Court responded:

*Monell* in no way qualifies the holding of *Aldinger* that the jurisdictional questions presented in a case such as this one are statutory as well as constitutional, a point on which the dissenters in *Aldinger* agreed with the Court.

*Owen,* 98 S.Ct. at 2402 n. 12.