**Daniel W. O'KEEFE and Marie O'Keefe, Plaintiffs,**

**v.**

**Guy W. COURTNEY, d/b/a G.W. Courtney, Inc., and Mesirow & Company, Inc., Defendants.**

**No. 85 C 5636.**

United States District Court, N.D. Illinois, E.D.

Nov. 20, 1985.

Kenneth R. Siegan, Keith M. Kanter, Lawrence N. Stein, Siegan & Weisman, Ltd., Chicago, Ill., for plaintiffs.

Guy W. Courtney, pro se.

Leigh R. Gignilliat, III, Roger Zamparo, Jr., Salinger, Gignilliat, Hymen & Zamparo, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Daniel and Marie O'Keefe ("plaintiffs") brought this suit against defendants Guy W. Courtney ("Courtney") and its clearing broker Mesirow and Company, Inc. ("Mesirow") after losing a substantial sum of money in the stock market. The amended complaint charges Mesirow with liability under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 promulgated thereunder (Count I); section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) (Count II); the Racketeer Influenced and Corrupt Organization statute ("RICO"), 18 U.S.C. § 1961 *et seq.* (Count V); and with various state law violations (Counts VI–VIII).

Mesirow has moved the Court to dismiss the complaint against it. In considering a motion to dismiss, all well-pleaded factual allegations in the complaint are taken as true, with the facts viewed in the light most favorable to the plaintiff. Dismissal is proper only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Despite this vigorous standard of review, the Court is convinced that Mesirow's motion to dismiss should be granted.

### Background Facts

The scenario of events alleged in the complaint is as follows: On February 21, 1984, plaintiffs met with Courtney for investment advice. Plaintiffs told Courtney that they wanted to invest their funds conservatively in order to preserve the capital. On February 28, 1984 Courtney sent plaintiffs an Investment Analysis and Summary. The Summary recognized that plaintiffs' investing objective was to preserve capital "by conservative investing with a willingness to accept certain moderate risk levels in an attempt to generate current income ...." Courtney's suggested investment portfolio included a $15,000 investment in preferred stock issues. On March 19, 1984, plaintiffs gave Courtney $100,000 to be invested according to the suggested portfolio.

In June of 1984, plaintiffs received a statement indicating that $17,812.96 of their funds had been used to purchase Continental Illinois Corp. and Anacomp Inc. stock. The statement indicated that the purchases had been cleared through Mesirow. The purchase price for Continental Illinois and Anacomp stock subsequently declined and plaintiffs incurred losses of $11,192.00.

The complaint alleges that plaintiffs never authorized the purchase of the Continental Illinois and Anacomp stock since the stock of these companies is not "low-to-moderate risk preferred stock" and the purchase price exceeded the $15,000 authorization.

Paragraphs 15 and 16 of the complaint allege as follows:

Defendant COURTNEY defrauded and deceived Plaintiffs by wilfully and intentionally making unauthorized trades in Plaintiffs' account and by taking discretions with Plaintiffs' account in violation of the portfolio agreement. In the alternative, Defendants disregarded their duty and acted recklessly or with gross negligence in making the aforesaid unauthorized trades in Plaintiffs' account.

16. The aforesaid allegations portray a fraudulent course of business conduct on the part of Defendant COURTNEY, to defraud Plaintiffs ....

The alleged liability of Mesirow is premised upon those sections of the securities laws which impose joint and several liability upon any person who directly or indirectly "controls" the primary offender. 15 U.S.C. §§ 77o, 78t(a).

### Discussion

**A. Section 10(b) and 17(a) Claims.**

Mesirow has moved for dismissal of Counts I and II on two grounds. First, Mesirow contends that the complaint fails to state a cause of action for violation of the securities laws by the primary offender, Courtney, and cannot therefore state a claim against Mesirow for "control" liability. Second, Mesirow argues that even assuming Counts I and II sufficiently set forth causes of action against Courtney, the complaint is bereft of any fact from which this Court could conclude that Mesirow is a "controlling" person for purposes of the securities laws. The Court agrees with both of these arguments.[1]

---

1. The Court finds itself in the unusual situation of holding that the complaint fails to state a cause of action against a party who has not moved for dismissal pursuant to Rule 12(b)(6), Fed.R.Civ.P. Nevertheless, such a determination must be made for purposes of analyzing Mesirow's argument concerning "controlling" person" liability.

In order to state claim under either section 10(b) or 17(a)[2] against Courtney, plaintiff must allege that (1) Courtney misrepresented or omitted to state material facts in connection with the purchase or sale of a security; (2) plaintiffs relied to their detriment upon Courtney's misrepresentations or omissions; and (3) Courtney made its misrepresentations or omissions with "scienter," *i.e.*, with an intention to deceive, manipulate or defraud plaintiffs. *See Savino v. E. F. Hutton & Co., Inc.*, 507 F.Supp. 1225, 1231 (S.D.N.Y.1981). As the Seventh Circuit has noted, in order to establish a violation of Rule 10b–5 or section 17(a), a plaintiff must plead and prove a wilful or at least reckless misstatement. *Teamsters Local 282 Pension Trust Fund v. Angelos*, 762 F.2d 522, 528 (7th Cir.1985). *See also Michaels v. Michaels*, 767 F.2d 1185, 1178–1199 (7th Cir.1985) ("To prevail on a section 10(b) or Rule 10b–5 claim, a plaintiff must also prove scienter—an intent to deceive.")

A claim for securities fraud, moreover, must satisfy the pleading requirements of Rule 9(b) Fed.R.Civ.P. *Schaefer v. First National Bank of Lincolnwood*, 509 F.2d 1287, 1297 (7th Cir.1975), *cert. denied*, 425 U.S. 943, 96 S.Ct. 1682, 48 L.Ed.2d 186 (1976). A complaint must allege facts setting forth the "time, place, participant and plot" of the alleged fraud. *Alco Financial Services, Inc. v. Treasure Island Motor Inn, Inc.*, 82 F.R.D. 735, 737 (N.D.Ill.1979).

It is apparent that under these standards Counts I and II fail to state a claim for security fraud. First, the complaint is simply devoid of any allegation that would support a finding that Courtney misrepresented or failed to disclose a material fact and that plaintiffs relied on any such misrepresentation. In their brief opposing dismissal, plaintiffs argue that (1) Courtney entered into the portfolio agreement "with only a slight or limited intention of performing pursuant to the agreement"; and (2) Courtney failed "to disclose material facts relating to the risk involved in purchasing the stocks." These allegations can be found nowhere in plaintiffs' complaint and therefore form no part of the Court's consideration of the motion to dismiss. *Cf. Rodgers v. Lincoln Towing Service*, 771 F.2d 194, 198 (7th Cir.1985) ("Even the liberal notice pleading allowed by the federal rules requires the complaint to include the operative facts upon which a plaintiff bases his claim").

But even if the allegations made in plaintiffs' brief were included in the complaint, Rule 9(b) would require some factual support for the allegations. The Court does not agree with plaintiffs that the complaint's allegation to the effect that plaintiffs did not know of the stock purchases until they received a monthly statement sufficiently meets Rule 9(b)'s requirements.

The even more conspicuous defect of Counts I and II, however, is the lack of any scienter allegation, *i.e.*, that Courtney intended to deceive plaintiffs. The complaint merely alleges that Courtney "wilfully and intentionally [made] unauthorized trades in Plaintiffs' account ... [or] acted recklessly or with gross negligence in making the aforesaid unauthorized trades in Plaintiffs' account." (Complaint, ¶ 15). Plaintiffs appear to mistake intentional or reckless deception with intentional or reckless trading. The gist of a securities violation is deception, not wilful or reckless investment. As they stand now, Counts I and II only allege breach of contract.

Since Counts I and II fail to state causes of action for securities violations against Courtney, they also fail to state causes of action under a theory of secondary liability against Mesirow. *See, e.g., In re Investors Funding Corp. of New York Securities Litigation*, 523 F.Supp. 533, 543 (S.D.N.Y.1980) (since pleadings did not allege a primary violation of the 1934 Act,

---

**2.** The Court has no reason at this juncture to decide whether a private cause of action exists for violation of § 17(a) of the 1933 act. The Court notes only that this issue remains an open question in the Seventh Circuit. *See Teamsters*

"controlling person" liability under § 20(a) could not be triggered).[3]

### B. *RICO claim—Count V.*

Mesirow has also moved the Court for dismissal of Count V, plaintiffs' claim for violation of RICO. The Court agrees that Count V must be dismissed against Mesirow.

Paragraphs 5 and 6 of Count V of the complaint purport to state plaintiffs' RICO claim. Those paragraphs provide in full as follows:

> 5. 18 U.S.C. § 1962(b) makes it unlawful to directly or indirectly acquire or maintain, through a pattern of racketeering activity, any interest or control of an enterprise engaged in or affecting interstate commerce; 18 U.S.C. § 1962(c) makes it unlawful to conduct or participate in the conduct of the affairs of any enterprise engaged in or affecting interstate commerce through a pattern of racketeering activity; and 18 U.S.C. § 1962(d) makes it unlawful to conspire to violate the substantive provisions of § 1962.
>
> 6. In violation of 18 U.S.C. § 1962, Defendants conspired to and did establish, conduct, participate, engage and maintain an interest in an enterprise that af-

fected interstate commerce, through a pattern of racketeering activity, by using the United States mail, and other means of interstate commerce and communication, as defined in 18 U.S.C. § 1961, in a scheme of artifice to defraud Plaintiffs by means of a fraudulent course of business, involving purchase of stocks, as previously set forth herein.

The United States Supreme Court recently summarized the purposes behind and elements of a RICO claim:

> RICO takes aim at "racketeering activity," which it defines as any act "chargeable" under several generically described state criminal laws, any act "indictable" under numerous specific federal criminal provisions, including mail and wire fraud, and any "offense" involving bankruptcy or securities fraud or drug-related activities that is "punishable" under federal law. § 1961(1). Section 1962, entitled "Prohibited Activities," outlaws the use of income derived from a "pattern of racketeering activity" to acquire an interest in or establish an enterprise engaged in or affecting interstate commerce; the acquisition or maintenance of any interest in an enterprise "through" a pattern

*Local 282 Pension Trust Fund v. Angelos,* 762 F.2d 522, 530–31 (7th Cir.1985).

**3.** The Court also has serious doubts whether, even if the complaint had sufficiently stated a claim for securities violations against Courtney, it would sufficiently state a claim against Mesirow as a "controlling person." The complaint alleges that Mesirow is liable because (1) it failed to supervise Courtney and (2) it is a "controlling person" under the securities laws.

There appears to be come disagreement among the courts of appeal as to the degree of participation necessary to a finding that a "controlling person" is secondarily liable for the securities violations of the "controlled" person. *Compare e.g., Marbury Management, Inc. v. Kohn,* 629 F.2d 705, 716 (2d Cir.), *cert. denied,* 449 U.S. 1011, 101 S.Ct. 566, 66 L.Ed.2d 469 (1980) (brokerage house liable as controlling person if it had the means to control principal violator's conduct) *with Sanders v. John Nuveen & Co.,* 524 F.2d 1064, 1072 (7th Cir.1975), *vacated on other grounds,* 425 U.S. 929, 96 S.Ct. 1659, 48 L.Ed.2d 172 (1976) (control by virtue of stock ownership, absent showing of active management of principal violator, not enough to establish "controlling person" liability).

Except for the bare allegation in the complaint that Mesirow acted as Courtney's "broker," there is nothing to suggest that under any standard could Mesirow be found liable as a "controlling" person. Mesirow asserts in its brief that it was merely Courtney's clearing agent and had neither direct nor indirect power to control Courtney's practice or policies. Plaintiffs' brief, admitting that Mesirow served only as a clearing house, nonetheless charges that Mesirow's "failure to use its influence, especially its blatant failure to ensure that the brokers notify Plaintiffs of trading in high-risk securities" constitutes "culpable participation ...." Plaintiffs miss the point—the Court has doubts whether there is anything about the relationship between an investment adviser and its independent clearing agent that would give rise to a duty of the agent to know what is and is not a high-risk investment, let alone a duty to ensure that the clients of investment advisers be made aware of such risk.

The Court believes, however, that this issue is better reserved for consideration in a motion for summary judgment. *See Klepper Krop, Inc. v. Hanford,* 411 F.Supp. 276, 281 (D. Neb.1976).

of racketeering activity; conducting or participating in the conduct of an enterprise through a pattern of racketeering activity; and conspiring to violate any of these provisions.

*Sedima, S.P.R.L. v. Imrex Co., Inc., et al.,* 473 U.S. 479, 105 S.Ct. 3275, 3278, 87 L.Ed.2d 346 (1985). As Judge Nordberg of this Court has outlined, a § 1962 plaintiff must plead and prove the following elements:

1) that a person
2) through a pattern
3) of racketeering activity or collection of an unlawful debt
4) directly or indirectly
   (a) invests in or
   (b) maintains an interest in, or
   (c) participates in
5) an enterprise,
6) the activities of which affect interstate commerce.

*Serig v. South Cook County Service Corp.,* 581 F.Supp. 575 (N.D.Ill.1984).

In the instant case, as in *Serig,* the complaint attempts to allege a RICO violation by reason of mail fraud.[4] And, for the same reasons as stated in *Serig,* the complaint fails to state a RICO violation.

Judge Nordberg noted that the federal mail fraud statute "does not 'taint every breach of business contract.' [*United States v. Kreimer,* 609 F.2d 126, 128 (5th Cir.1980).] The statute only condemns acts that are planned or calculated to deceive." *Serig, supra,* 581 F.Supp. at 579.

■ As the Court has already discussed, plaintiffs' complaint is totally devoid of any allegation that Courtney or Mesirow intended to deceive plaintiffs, let alone facts from which a scheme to defraud could be inferred. Plaintiffs' complaint, therefore, fails to allege any racketeering activity, let alone a pattern of such activity.

■ Mesirow also argues that the complaint is deficient for failing to allege the necessary RICO elements of a "person" and an "enterprise." Frankly, the Court cannot address this argument because the complaint fails to specify under which subsection of § 1962 plaintiffs seek relief. If plaintiffs seek relief under § 1962(a), the Seventh Circuit has strongly suggested that there would be no need to allege the separate existence of a "person" and an "enterprise." *Haroco v. American National Bank and Trust Co. of Chicago,* 747 F.2d 384 (7th Cir.1984), *aff'd* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985). If plaintiffs seek relief under § 1962(c), however, they must allege a person separate and distinct from an enterprise, the affairs of which were conducted by the person through a pattern of racketeering activity. *Haroco, supra,* 747 F.2d at 401–02. Neither Courtney nor Mesirow may be held liable for conducting its own affairs through a pattern of racketeering activity under § 1962(c). *Id.* at 402.

■ Plaintiffs are instructed that if they seek to amend their complaint to properly state a RICO violation, the complaint must specify under which statutory subsection they seek relief. Plaintiffs are also advised that fraud allegations in a civil RICO complaint must satisfy Fed.R.Civ.P. Rule 9(b)'s pleading requirements, and that as it is now drafted, the complaint does not adequately allege fraud.

## C. *Pendent State Law Claims.*

Count VI, VII and VIII are pendent state law claims for, respectively, Illinois securities law violations, negligence and fraud. All of the claims establishing federal jurisdiction against Mesirow have been dismissed. The Court believes, therefore, that judicial economy, convenience and fairness dictate that the pendent state claims also be dismissed against Mesirow. *See Klein*

---

**4.** Plaintiffs' brief also argues that the element of "racketeering activity" has been satisfied by the allegations of securities fraud, "including the unauthorized purchase of stocks ...." As the Court held in part A of this opinion, Counts I and II of plaintiffs' complaint state nothing more than a breach of contract, which is not a racketeering activity under RICO. *See Serig, supra,* 581 F.Supp. at 580 ("Mere breach of business contract disputes do not provide a basis for a RICO suit.").

*v. Trustees of Indiana University,* 766 F.2d 275, 284 (7th Cir.1985).

## CONCLUSION

For the reasons set forth herein, Mesirow's motion to dismiss is GRANTED and the complaint is DISMISSED against defendant Mesirow.